## WOODWARD *v.* VON ZELLEN.

1. Taxation—Redemption From Tax Sale—Service of Notice—Sufficiency—Publication.

    Where the records in the register's office showed that a corporation was the last grantee in the regular chain of title entitled to the notice to redeem from tax sale provided by 1 Comp. Laws 1915, § 4138, and its place of business might have been learned from the records in the secretary of State's office, but no effort to do so or to serve the notice outside of the county in which the land was located was made, service by publication in said county was insufficient to cut off the right of redemption.[1]

2. Same—Redemption—Statutory Provisions Must be Followed.

    The right of redemption from tax sale is important, and to cut it off the provisions of the statute must be followed.[2]

Appeal from Marquette; Flannigan (Richard C.), J.    Submitted January 13, 1926.    (Docket No. 125.)   Decided March 20, 1926.

Bill by A. H. Woodward against John O. von Zellen to quiet title to land.    From a decree for plaintiff, defendant appeals.    Affirmed.

_____

[1]Taxation, 37 Cyc. p. 1405; [2]Id., 37 Cyc. p. 1383 (Anno).

*E. A. Macdonald,* for plaintiff.

*J. L. Heffernan,* for defendant.

WIEST, J.    This is a suit to quiet title to certain
lands in the county of Marquette.    Plaintiff holds
under the regular chain of title.    Defendant claims
title as purchaser at tax sales and under tax deeds from
the auditor general, perfected by notice to and failure
of the last recorded grantee in the regular chain of
title to redeem.    Before filing the bill plaintiff de-
posited with the register in chancery a sum sufficient
to redeem.    Decree was entered in the circuit quieting
plaintiff's title.    Defendant appealed.

When defendant received his deeds from the auditor
general, the records in the office of the register of deeds
for the county of Marquette showed "The Huron River
Land Company, a Michigan corporation," to be the last
grantee in the regular chain of title.    To perfect title
and end right of redemption from the tax deeds, de-
fendant attempted to give notice to the Huron River
Land Company of right to redeem within six months
as provided by statute (1 Comp. Laws 1915, § 4138).
To this end a notice was prepared and given to the
sheriff of Marquette county to serve.    The form of
the notice is questioned, but we deem it unnecessary
to give consideration thereto.    The sheriff made in-
quiry within his county relative to the Huron River
Land Company and, not finding any of its agents or
officers, made return of not found.    Upon this return
publication of the notice was made in a newspaper in
the county of Marquette.

The Huron River Land Company was organized
under the laws of the State of Michigan in October,
1907, and in its articles of incorporation, in accordance
with statutory mandate, its office in the State for the
transaction of business was fixed at L'Anse in the
county of Baraga.    No effort was made by the sheriff

of Marquette county, or any one else, to learn, from the public records in the office of the secretary of State, the location of the place of business of the Huron River Land Company, and no effort was made to serve the notice outside of Marquette county. It is to be inferred from the record that the Huron River Land Company has ceased active operations; but if this is so, the section of the statute, regulating the service of the notice, provides for such contingency and requires a return by the sheriff of the county in which the office of the corporation for the transaction of business is fixed in the articles of incorporation.

Right to redeem is important and so recognized by the tax law. Due process of law is provided to enable exercise of right of redemption and to end such right within a time limit after notice. Defendant had knowledge that the Huron River Land Company, a Michigan corporation, was grantee in the last recorded deed in the regular chain of title. The appropriate and readily available public records in the office of the secretary of State showed the incorporation of the land company, and the location of its office in the State for the transaction of business, and had defendant looked there for information, he would have known the notice could not be served in Marquette county, but would have had to be sent to the sheriff of Baraga county for service, or return with reason for nonservice. The statute points a plain method of making service upon the last recorded owner, and its provisions must be followed, if right of redemption is cut off. Defendant's efforts to cut off right of redemption were a nullity.

The decree in the circuit is affirmed, with costs to plaintiff.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, CLARK, and McDONALD, JJ., concurred.