WOLF *v.* McDONALD.

1. TAXATION—TAX SALES—NOTICE TO REDEEM—SUBSTITUTED SERV-
ICE.

Where the sheriff had information that the grantee in the last recorded deed could not be found at the address given therein, he was not required to go through the useless formality of mailing a registered letter to her at said address as a prerequisite to giving notice to redeem from tax sale by publication, under Act No. 229, Pub. Acts 1897, as amended.

2. SAME—RETURN OF SHERIFF FINAL WHERE NOT QUESTIONED.

Where, in a suit to quiet title and to redeem from a tax sale, the sheriff's return, stating in the language of the statute (Act No. 229, Pub. Acts 1897, as amended) that after careful inquiry he was unable to ascertain the whereabouts or post-office address of the grantee in the last recorded deed, is not questioned or shown false or fraudulent, it is final as to what it shows, and shows sufficient to justify resort to service of notice to redeem from tax sale by publication.

Appeal from Cheboygan; North (Walter H.), J., presiding. Submitted April 4, 1928. (Docket No. 22, Calendar No. 33,486.) Decided October 1, 1928.

Bill by Madoline May Wolf against Daniel J. Mc-Donald to quiet title to land and to redeem from a tax sale. Defendant filed a cross-bill for confirmation of title. From a decree for defendant, plaintiff appeals. Affirmed.

*Dayton W. Closser* and *Ward I. Waller,* for plaintiff.

*Sprague & Shepherd,* for defendant.

McDONALD, J. This bill was filed to quiet title to certain land in the county of Cheboygan, Michigan, and to redeem from a tax sale. The plaintiff acquired title of an undivided half interest in the land by deed from the executor of her father's estate on February 26, 1897. She is the grantee in the last recorded deed in the regular chain of title. The defendant claims title to the land by conveyances through Jason E. Nichols who purchased a tax title in 1903 for the taxes of 1892, 1895, 1896, 1897, and other years. The theory of the plaintiff is that Mr. Nichols did not perfect his tax title in accordance with the provisions of Act No. 229, Pub. Acts 1897, as amended (1 Comp. Laws 1915, § 4138); that therefore her right to redeem has not been cut off and that she is entitled to a reconveyance on payment of all taxes and penalties. In answer, the defendant denies that there were any irregularities in the proceedings incident to perfecting title under the tax law, and in a cross-bill asserts the right to have his title confirmed. On the hearing, the circuit judge entered a decree for the defendant on two grounds, *first,* that the plaintiff's right to redeem had been foreclosed by substantial compliance with the statute, and *second,* that her claim was barred by laches.

The statute relative to the sale and conveyance of land delinquent for taxes in effect at that time is Act No. 229, Pub. Acts 1897, as amended by Act No. 236, Pub. Acts 1903. Such portions as are applicable to the issue in this case provide:

"No writ of assistance or other process for the possession of any land, the title to which has been obtained under and in pursuance of any tax sale * * * shall be issued until six months after there shall have been filed with the county clerk of the county where the land is situated a return by the

sheriff of said county, showing that he has made personal service or until substituted service, as hereafter provided, has been made upon the grantee or grantees under the last recorded deed in the regular chain of title to said land    *    *    *    of a notice which shall be in the following form:    *    *    *

*"Provided:*    *    *    *    If any grantee or grantees, or the person or persons holding the interest in said lands as aforesaid shall be nonresidents of this State, if from the said record aforesaid, or from inquiry the sheriff can obtain the postoffice address of said grantee or grantees, or the person or persons holding the interest in such lands as aforesaid, or if the said addresses be known to him, he shall send to such person or persons aforesaid a copy of said notice by registered letter and return the receipt or receipts received for said letter or letters with his return to the county clerk's office.    *    *    *

"If the sheriff of the county where any such lands are located shall make a return that after careful inquiry he is unable to ascertain the whereabouts or the postoffice address of the grantee named in the last recorded deed or deeds    *    *    *    then such notice as is herein provided for shall be published for four successive weeks,    *    *    *  "

The sheriff made and filed the following return:

"Proof of failure of service, personal and mail. Received for service September 24, 1924.

"STATE OF MICHIGAN ⎱
County of Cheboygan⎰ ss.

"I do hereby certify and return that after careful inquiry, I am unable to ascertain the whereabouts or postoffice address of Madoline May Wolf and Charles P. Sweet, grantees named in the last recorded deed in the regular chain of title to the within described land or of the heirs of said grantee or the whereabouts or postoffice address of the executor,

administrator, trustee or guardian of such grantee, upon the foregoing described land.

                    "OTTO H. GEBHARDT
                      "Sheriff of said county."

Following the filing of this return, publication of the notice of tax sale was regularly taken and proof thereof filed with the county clerk in lieu of personal service.

It is the plaintiff's contention that the return of the sheriff did not justify service by publication for the reason that the plaintiff's postoffice address was shown in the last recorded deed and no receipt for registered letter was filed with the return to show that he had complied with the statute in an effort to secure service by registered mail. The statute requires service on nonresidents by registered mail if their postoffice address can be ascertained by inquiry or by reference to the last recorded deed. This deed gave the plaintiff's address as "Now of the city of Cincinnati, Ohio, and formerly of said city of Grand Rapids."

It is assumed that the sheriff knew of the plaintiff's address as furnished by the recital in the last recorded deed. It was a source of information which he was bound to seek and therefore he is charged with what it would show. Having such knowledge, it was his duty to send a notice of the tax sale by registered mail to the plaintiff at that address and to file with his return receipts for the registered letter. If, however, he had other information that she could not be found in Cincinnati, the mailing of a registered letter to her at that address would be a useless formality. The facts are that when the matter came into the hands of the sheriff seven years had elapsed since the recording of the deed. Mr. Nichols had employed a Mr. O'Connor of Lansing,

Michigan, who specialized in tax matters, to cause the notice of the tax sale to be given in accordance with the law. Mr. O'Connor learned the plaintiff's address from the recorded deed and mailed a letter addressed to her at Cincinnati, Ohio. The letter was subsequently returned to him indorsed as follows:

"Not in Cincinnati directory. Returned to writer unclaimed, Cincinnati, Ohio, post office, October 8, 1904."

This information that the plaintiff's name was not in the Cincinnati directory and mail could not be delivered to her there offset the information furnished by the recorded deed. It was as though the deed had not stated her residence. She was not a witness on the trial, and no claim is made that she was a resident of Cincinnati at the time. The sheriff's inquiry led him to think that she was not. In view of the unsuccessful effort to locate her there, it was not necessary to attempt service by registered mail. The sheriff's return is in the language of the statute. It says that after careful inquiry he is unable to ascertain the whereabouts or postoffice address of Madoline May Wolf, etc. The good faith of the sheriff is not questioned, and no effort was made to show that his return is false or fraudulent. No evidence was offered to show that he could have learned the plaintiff's whereabouts by the most diligent inquiry. In view of these facts, the return is final as to what it shows; and it shows sufficient to justify a resort to service by publication.

The statute contemplates that one who purchases a tax title must make an honest and diligent effort to ascertain the whereabouts of the owner in order that he may be served with notice of the sale and have an opportunity to redeem. In this case, the

evidence shows that Mr. Nichols did everything that was reasonably possible to carry out the spirit of the statute. The plaintiff has no just cause for complaint.

The decree is affirmed, with costs to the defendant.

FEAD, C. J., and FELLOWS, CLARK, POTTER, and SHARPE, JJ., concurred. NORTH and WIEST, JJ., did not sit.