## BELT v. STOVER.

No. 20888. Opinion Filed May 17, 1932.

Hazen Green and Otho Green, for plaintiff in error.

F. A. Greene, for defendant in error.

KORNEGAY, J. This is a suit coming from the district court of McIntosh county. It started as a suit to recover a cow and calf. The petition was based on the proposition that the defendant had a mortgage on the cow and calf, and that a tender had been made of the amount of the mortgage and refused, and thereby the mortgage lien was discharged, and that afterwards the defendant had taken charge of the cow and

calf and converted them to his use, and the recovery of the cow and calf was sought with damages for the use of the cow for milk purposes in the amount of $91.80, and on account of the way the cow had been taken, exemplary damages of $500 were asked. The value of the cow was fixed at $100 and the value of the calf at $25, and $100 attorney's fee was asked for.

The defendant claimed that he lawfully had taken possession of the cow and calf under a mortgage that he had that was past due, and had sold them and applied the amount to the debt, leaving an overplus of $25.73 still owing. The prayer of the answer was that the plaintiff take nothing.

The case came on for trial and the evidence was largely leveled at the proposition of the tender and discharge of the lien, and of taking possession of the cow and calf and selling them, and the cow's value for milk purposes. During the progress of the evidence, some question was made as to why the note and mortgage were not produced, and they were produced, and it appeared that there had been an interlineation put into the note calling for interest from the 1st of January, 1927, at ten per cent., instead of from the date of the note, which was July 14, 1928. It was claimed on one side that the interlineation was made by consent; on the other side, that it was not, and that the alteration destroyed the note and consequently the lien of the mortgage, though, to start with, the theory of the plaintiff was that the lien of the mortgage had been discharged by a tender of the amount due, which the defendant had refused to take, claiming more was due than the amount tendered.

One of the jurors became interested in the interlineation, and asked some questions about it, and the juror elicited from an agent of the defendant that the interlineation was in his handwriting, and was put in there either on the 2nd or 3rd of December, when they were trying to get a settlement on the note, and after it was due. There was testimony to the effect that the owner of the note had stated to the one that was going to advance the money to take it up, that the mortgage covered the amount of the note and some advancements afterwards made, though that was denied by the owner. The maker of the note said that the interlineation had been put in without his knowledge or consent. The mortgage was silent upon further advances and being a security therefor, but merely covered the note which was for $59.31, and called for interest at the rate of 10 per cent.

per annum from date, July 14, 1928, and payable December 1, 1928.

The evidence showed that the defendant had gotten the cow, tied to a tree in the back-yard of the plaintiff, one day when the plaintiff and her husband were away, and it was claimed by plaintiff in error that it was done by consent of the owner of the property. An instruction was asked by the defendant, as follows:

"The court instructs the jury that the only restrictions upon the mode by which the mortgagee secures possession of the mortgaged property, after breach of condition, is that he must act in an orderly manner and without creating a breach of the peace, and must not intimidate by securing the aid of an officer who pretends to act colore officii."

This was refused and exceptions were allowed. The court gave eleven instructions and exceptions were taken by defendants below to Nos. 7 and 9 by the defendant, and the plaintiff below excepted to giving instruction No. 5. The parties agreed that the foreclosure proceeding, after the seizure, followed the statutes. The court charged the jury that the tender relied upon was not sufficient. The court charged the jury in instruction No. 6, without exception, as follows:

"You are instructed, gentlemen of the jury, that at this time the plaintiff names two contentions by virtue of which the plaintiff claims that the defendant is guilty of conversion of the cow and calf in question. First, the plaintiff contends that the defendant took possession of the cow and calf without the consent of the plaintiff over her protest, and second, the plaintiff contends that the note was altered and changed by interlineation after its delivery and without the consent of the maker of the note, Wasa Stover, and that thereby the note was entirely invalidated and that therefore the note being invalidated the defendant would have no right to take possession of the cow and calf, and you are instructed on each of these contentions. On the first contention you are instructed that if the defendant had a valid mortgage and the same was not paid that he had a right to take peaceable possession of the cow and calf; and if Wasa Stover gave his consent to the defendant taking possession of the cow and calf that the defendant had a right to go and take possession of the cow and calf in the manner that he did, and if you find such to be the case, then, of course, the plaintiff cannot recover in this case. On the other hand, if the defendant took possession without the consent of the plaintiff and over her protest and over the protest of her husband, then the same would constitute

conversion. On the second contention of the plaintiff you are instructed that the alteration of a note by the payee or his agent without the consent of the signer of the note, invalidates the same, and if the alteration of the note by the defendant in this case or his agents was made without the consent of Wasa Stover, then such alteration invalidated the note in this case. In such case the defendant had no right to take possession of the cow because the note and the mortgage both would be invalidated thereby."

Complaint is made in the assignments of error of instruction No. 7, which was excepted to, which told the jury that if the defendant was guilty of conversion, either by reason of seizure without consent or by reason of the wrongful alteration of the note, the verdict should be for the plaintiff, and in the event of finding for the plaintiff they should find for the possession of the cow and calf or the value in the alternative, and the use of the cow. There was a charge on the subject of punitive damages, but the jury did not find any punitive damages.

The other instruction complained of in the assignments of error is No. 9, which was a cautionary instruction as to what was necessary to be found before they could find for the plaintiff, either the alteration or seizing the cow and calf without the consent and over the protest of the plaintiff. The jury returned a verdict for the return of the cow and calf and fixing their value at $115, and also $40 for the use of the cow.

A brief has been filed on behalf of the plaintiff in error reciting the proceedings and some of the evidence and instructions. The first assignment is that the court erred in overruling the demurrer to plaintiff's evidence and its motion for an instructed verdict. A reading of the record shows that this assignment was not well taken. A second assignment is in giving instructions Nos. 7 and 9, referred to above. The third is on account of refusal to give the instruction asked for on the subject of taking possession.

The argument is made that the demurrer to the evidence should have been sustained. However, when the plaintiff closed, there stood out in bold relief the evidence and claim of alteration of the note. So far as the manner of getting possession of the property is concerned, it does not appear that there was any force used in the matter, and it might have been that a demurrer to the evidence would have been sustainable, had it not been for the issue of tender and its sufficiency.

No discussion is had in the brief of plaintiff in error on the subject of the alteration in the note, and there was scarcely any contradiction of that fact and that it was done after the note fell due and was on a material matter, prescribed by the statute as invalidating the note, namely, the alteration in the payment of the amount of interest. The evidence was in conflict as to why the tender was not accepted, and it was not accepted because of the demand for interest over the amount called for in the note, evidently.

The jury found the issues for the plaintiff. The conceded facts were such that they well could have done so. We think the evidence justified the verdict. The law on the alteration of an instrument is sections 7794 and 7795, C. O. S. 1921, which are as follows:

"7794. Alteration of Instrument. Where a negotiable instrument is materially altered without the assent of all parties liable thereon, it is avoided, except as against a party who has himself made, authorized or assented to the alteration and subsequent indorsers. But when an instrument has been materially altered and is in the hands of a holder in due course not a party to the alteration, he may enforce payment thereof according to its original tenor."

"7795. Material Alteration Defined. Any alteration which changes:

"First. The date;

"Second. The sum payable, either for principal or interest;

"Third. The time or place of payment;

"Fourth. The number or the relations of the parties;

"Fifth. The medium or currency in which payment is to be made;

"Or which adds a place of payment where no place of payment is specified, or any other change or addition which alters the effect of the instrument in any respect, is a material alteration."

This, it seems to us, was the material point in this case as finally presented. No excuse is offered for the insertion by the defendant's agent of this provision in the note. The general law, also, independent of the statute, is that such an alteration destroys the instrument. See the case of Citizens' State Bank v. Grant, 52 Okla. 256, 152 P. 1082. When the note secured by the chattel mortgage was destroyed in this way, the mortgage which secured it was stricken down. Consequently, the defendant, in taking charge of the property, was not justified,

and the judgment for the return and reasonable value for the use of the property should be sustained.

Finding no reversible error, the cause is affirmed.

RILEY, HEFNER, SWINDALL, ANDREWS, and McNEILL, JJ., concur. LESTER, C. J., CLARK, V. C. J., and CULLISON, J., absent.

Note.—See under (1), annotation in 3 L. R. A. 724; 35 L. R. A. 466; 32 L. R. A. (N. S.) 520; L. R. A. 1916 D, 535; 1 R. C. L. 977; R. C. L. Perm. Supp. p. 250; R. C. L. Pocket Part, title Alteration of Instruments, § 10.