### ADAMS et al. v. ROGERS.

No. 20505. Opinion Filed July 6, 1932.

J. E. Whitehead, for plaintiffs in error.

Orr & Woodford, for defendant in error.

McNEILL, J. This action was instituted in the district court of Hughes county by W. G. Rogers to quiet title under two certain tax deeds. Plaintiff claimed title to the premises in question by virtue of said tax deeds issued in favor of W. C. Foster, who thereafter conveyed said premises by quitclaim deed to plaintiff. Prior to and at the time of the execution of said tax deeds, I. C. Adams was the record owner to the premises in question, covered by a valid mortgage which had been assigned to Henry Zeddies. Many assignments of error are urged on the part of the defendants Adams. We consider but one. Was it jurisdictional that the notice of application for tax deed and the tax sale certificate be returned to and filed with the county clerk?

Section 9749, C. O. S. 1921 [O. S. 1931, sec. 12759] provides, in part, that the notice of a demand for a tax deed "with the tax sale certificate, after being duly served or published, or both, shall be returned and filed in the office of the county clerk, who shall make notations of its date, and the date of service on the delinquent sale record, and the fee for such service and the publication shall be the same as for like service of summons, and shall be added to the amount necessary to redeem such sale." This requirement of the statute is mandatory and not directory. See Gilbert v. Conservative Loan & Trust Co., 138 Okla. 1, 280 P. 278; Dawson v. Anderson, 38 Okla. 167, 132 P. 666; Smith v. Bostaph, 103 Okla. 258, 229

P. 1039; Felt v. Schaub, 134 Okla. 193, 272 P. 830; Mannus-Dewall v. Smith, 139 Okla. 195, 281 P. 807; State ex rel. Com'rs of Land Office v. National Bank of Commerce, 139 Okla. 134, 281 P. 579. So long as there exists the right to redeem by reason of the provisions of the statute, there is no completed sale. See Cain v. Ehrler (S. D.) 153 N. W. 941. The provisions of the statute relating to redemption from tax sales are to be construed liberally in favor of redemptioner. 37 Cyc. 1383; Woodward v. Von Zellen (Mich.) 207 N. W. 849; Van Roden v. Manso (N. J.) 156 Atl. 317; Philadelphia v. Schaeffer, 239 Pa. St. 550; Hellems v. Roszel (C. C. A. Fourth Circuit) 256 Fed. 606. The failure to comply with section 9749, supra, in the filing of the notice of a demand for a tax deed with a tax sale certificate in the office of the county clerk, whose duty it was to make a record of the fee and the amount necessary to redeem such sale, is not a mere irregularity, but is an omission of an important and essential step in the issuance of a tax deed in divesting an owner of his title to the land. Cain v. Ehrler, supra.

The right of redemption is favored and should not be cut off until the provisions of the statute have been complied with. The compliance with aforesaid provisions of section 9749, supra, furnishes the owner of the land additional, definite and certain information and means of ascertaining that his land has been sold for taxes and as to the amount necessary to redeem such sale. See Reed v. Morton (Mo.) 9 Houck, 510.

The validity of a tax sale of land can only be required by a strict compliance with the directions of the statute. 37 Cyc. 1281; Biberdorf v. Juhnke, 59 N. D. 1. 228 N. W. 233. A review of this record shows that the provisions of section 9749, supra, relative to the notice of demand for tax deeds and the tax sale certificates were not complied with. We hold that it was essential that there be a compliance with the aforesaid provisions in order to confer jurisdiction upon the county treasurer to issue the deeds in question. Until there has been such a compliance, the period of redemption has not expired. Beck v. State Finance Co., 192 Fed. 25. The tax deeds are invalid, and defendants Adams are entitled to their cancellation.

The defendant Zeddies also sets forth many assignments of error and pleads that the tax deeds were delivered without any notice having been served upon him for such tax deeds on behalf of W. C. Foster, and

that said defendant had a vested right to redeem said lands prior to the execution and delivery of said tax deeds. The record is silent as to any notice of said tax deed having been served by the grantee of said tax deeds upon said mortgagee of the application for the tax deeds in question. Said tax deed is void as to the defendant Zeddies, the mortgagee. See Foster v. Marshall, 141 Okla. 246, 284 P. 882; Savery v. Graves Farm Loan Investment Co., 157 Okla. 173, 11 P. (2d) 462.

The judgment of the trial court is reversed, with directions to cancel said deeds on condition that said defendants pay into court the amount of the taxes, interest, penalties, and costs, and for such other and further proceedings not inconsistent with the views herein expressed.

HEFNER, CULLISON, SWINDALL, ANDREWS, and KORNEGAY, JJ., concur. RILEY, J., dissents. LESTER, C. J., and CLARK, V. C. J., absent.