GUSTIN *v.* BONEHEAD HUNTING CLUB.

1. TAXATION—RETURN TO NOTICE OF RECONVEYANCE—IMPEACHMENT.
   Sheriff's return of service of notice of reconveyance by purchaser at tax sale that he had made careful inquiry as to whereabouts of last recorded owner in chain of title as described in deed under which she took title, although an official act, may be impeached for falsity or fraud (1 Comp. Laws 1929, § 3535).

2. SAME—NOTICE OF RECONVEYANCE—SERVICE.
   Statute relative to service of notice of reconveyance by purchaser at tax sale contemplates that he must make an honest and diligent effort to ascertain the whereabouts of the last recorded owner in the regular chain of title that he may be served with notice of the sale and have an opportunity to redeem (1 Comp. Laws 1929, § 3535).

3. SAME—SERVICE OF NOTICE OF RECONVEYANCE—GOOD FAITH EFFORT. Inquiry made and mailing of registered letter to out of State address, which was returned undelivered, by sheriff of county in which land sold for taxes lay, individually and through sheriff of county in which last recorded owner in regular chain of title was indisputably a resident during time at issue and for most of her life and whose husband, an attorney, was known to first-mentioned sheriff, *held,* insufficient, under circumstances, to satisfy requirement as to inquiry so as to permit service by publication, there being a total absence of attempt to pursue obvious sources of information or to make even casual inquiry (1 Comp. Laws 1929, § 3535).

Appeal from Montmorency; Smith (Fred P.), J. Submitted April 29, 1937. (Docket No. 134, Calendar No. 38,671.) Decided June 7, 1937. Rehearing denied September 1, 1937.

Ejectment by H. K. Gustin and Florence V. Gustin against Bonehead Hunting Club, a Michigan corporation. Judgment for defendant. Plaintiffs appeal. Reversed and remanded for entry of judgment for plaintiffs.

*Henry K. Gustin* (*Harold H. Emmons,* of counsel), for plaintiffs.

*Isadore Isaackson,* for defendant.

FEAD, C. J. This is ejectment to try defendant's right to possession of premises in Montmorency county, held under a tax title.

October 5, 1925, Leo Spencer, owner of tax deed, put notices of reconveyance in the hands of Sheriff Turner of Montmorency county for service. Florence V. Gustin was the last recorded owner in the regular chain of title and the Alpena National Bank was mortgagee. The deed under which Mrs. Gustin took title described her as of the city of Alpena, county of Alpena, State of Michigan.

On the same day the sheriff, Turner, sent the notices to Sheriff Hatch of Alpena county, for service. Hatch received the notices October 7th, made service on the bank the same day, and before October 10th returned the original to Turner with return of service on the bank but no return as to Mrs. Gustin. He also wrote Turner that Mrs. Gustin was in Florida and gave him an address at which to reach her.

October 10th, Turner mailed a registered letter containing a copy of the notice, addressed to Florence V. Gustin, 211 South Olive Street, Arcade Bldg., West Palm Beach, Florida, the address he had obtained from Hatch.

November 4th, the letter was returned, undelivered, to Sheriff Turner. November 28th, he made return of inability after careful inquiry to ascertain the whereabouts or post office address of Mrs. Gustin and thereupon, publication of the tax notice was had.

The principal contention is that Sheriff Turner did not make the "careful inquiry" required by 1 Comp. Laws 1929, § 3535. The sheriff's return, although an official act, may be impeached for falsity or fraud. *Heethuis* v. *Kerr,* 194 Mich. 689.

The statute contemplates that one who purchases a tax title must make an honest and diligent effort to ascertain the whereabouts of the owner that he may be served with notice of the sale and have an opportunity to redeem. *Wolf* v. *McDonald,* 244 Mich. 59.

Mr. Gustin was a lawyer and had lived in Alpena since 1893. Mrs. Gustin had lived in Alpena most of her life. They were married in 1920 or 1921, and had always made their home with Mrs. Gustin's mother, who had always lived in Alpena. They also had a summer home in the county. Mr. Gustin had

business interests in Florida and other southern States and was absent from Alpena a considerable part of the time but with frequent returns home. Mrs. Gustin also was absent often, sometimes with her husband and sometimes on other trips. At the trial, in 1932, Mr. Gustin could not remember the particular places where they were at specific dates but said they were at West Palm Beach at times in 1924 and 1925. He stated that the Arcade Building was a business block in which neither he nor Mrs. Gustin ever had space. Mrs. Gustin did not testify.

Sheriff Turner knew Mr. Gustin and assumed Florence V. Gustin was his wife when he sent the tax notices to Alpena county for service. He made no inquiry to ascertain her residence. He acted upon the private information from Hatch in sending the registered letter, and after its return to him he made no inquiry or attempt to ascertain the whereabouts or post office address of Mrs. Gustin except (and he was very uncertain of it) he thought he saw Hatch thereafter and the latter said the address he gave Turner was the best he could get.

Sheriff Hatch did not remember anything about the matter, did not state that he had made any inquiry nor from whom he had received the address he passed on to Turner.

Defendant raises the question of the residence of Mrs. Gustin. But such claim is important only as bearing upon whether the sheriff of Alpena county should have made a return as to his inability to find her in the county. *Hildie* v. *Eckhart,* 203 Mich. 346. It is of no consequence upon the issue of whether Turner made careful inquiry to ascertain her whereabouts or post office address as a basis for publication. The testimony is undisputed that Mrs. Gustin was, during the time at issue, a resident of Alpena.

The situation indicates many obvious sources of information open to the sheriff which would naturally be pursued by anyone actuated by a good faith desire to ascertain Mrs. Gustin's whereabouts and which would be practically certain to disclose them. The testimony also shows a total absence of attempt to pursue the obvious sources of information or to make even casual inquiry. To sustain the service under these circumstances, would invite tax purchasers to disregard the statute. The service upon Mrs. Gustin was void and plaintiffs, present owners, are entitled to possession.

Reversed and remanded for entry of judgment for plaintiffs.

NORTH, WIEST, BUTZEL, BUSHNELL, SHARPE, POT-TER, and CHANDLER, JJ., concurred.