PORTER *v.* BARANOWSKI.

1. TAXATION—NOTICE OF RECONVEYANCE—SERVICE BY PUBLICATION—CORPORATIONS.

Under statute relative to lands sold for taxes, provision that service of notice of reconveyance upon a corporation by publication cannot be made except upon return of the sheriff that upon careful inquiry he has been unable to find corporation's office, president, secretary, treasurer, or general agent is mandatory and applies to corporations whose existence has expired as well as to those whose existence has not expired (1 Comp. Laws 1929, § 3535, as amended by Act No. 10, Pub. Acts 1932 [1st Ex. Sess.])

2. SAME—NOTICE OF RECONVEYANCE—CAREFUL INQUIRY—CORPORATIONS.

Officer charged with service of notice of reconveyance upon corporation by purchaser of land at a tax sale, *held,* not to have made requisite careful inquiry as contemplated by statute to entitle him to serve such notice by publication where he merely inquired of individuals in the neighborhood of land involved as to where he might find the corporation but obtained no information therefrom and sought none in offices of county clerk or secretary of State, records in both of which offices contained the necessary information, hence his return that careful inquiry had been made was not only impeachable for falsity or fraud but a nullity (1 Comp. Laws 1929, § 3535, as amended by Act No. 10, Pub. Acts 1932 [1st Ex. Sess.]).

Appeal from Muskegon; Sanford (Joseph F.), J. Submitted January 6, 1938. (Docket No. 63, Calendar No. 39,817.) Decided April 4, 1938.

Bill by Glenn M. Porter, trustee, against Glenn Baranowski, Violet Baranowski, Ida M. Baranowski, Leon Raison and Moon Fink Development Company

to quiet title to land. Bill dismissed. Plaintiff appeals. Affirmed.

*Arthur W. Penny,* for plaintiff.

*Robert A. Carr,* for defendants Baranowski.

CHANDLER, J. Plaintiff received a tax deed dated June 16, 1932, from the auditor general covering land located in Muskegon county, which had been bid off to the State for the delinquent taxes of the year 1928.

On March 15, 1933, notices of reconveyance were placed in the hands of the sheriff of Muskegon county for service, which was properly had upon all parties entitled thereto, except perhaps, as claimed by appellees and as found by the trial court, upon the Moon Fink Development Company, which held an undischarged oil and gas lease upon the premises.

The Moon Fink Development Company was incorporated in 1928, its principal place of business being located in the city of Muskegon. By amendment to the articles of incorporation, its corporate existence expired October 31, 1929, and upon said date a notice of dissolution, signed by a majority of the members of the board of directors, was filed in the office of the secretary of State.

It was conceded upon the trial that the Development Company had such an interest in the premises as to entitle it to service of the notice and the question presented by this appeal is whether a sufficient service was made as a matter of law. The trial court upon answering the question in the negative, dismissed plaintiff's bill of complaint which had been filed for the purpose of quieting title to the property. Plaintiff appeals.

The officer in whose hands the notices were placed for service returned "that after diligent search and inquiry I am unable to find Moon-Fink Development, or any office, or any president, secretary or treasurer, or general agent of such corporation in said county, to whom this notice is addressed, or ascertain the post office addresses of any of them." Whereupon, appellant attempted to make service by publication, claiming authority under 1 Comp. Laws 1929, § 3535, as amended by Act No. 10, Pub. Acts 1932 (1st Ex. Sess.) (Comp. Laws Supp. 1935, § 3535, Stat. Ann. § 7.198), said service by publication being commenced more than three years after the dissolution of the corporation had been filed.

The record reveals that the only acts done by the officer making the service was to inquire from individuals in the neighborhood of the village of Ravenna as to where he might find the Moon Fink Development Company, from which inquiries he obtained no information. His testimony discloses that no attempt was made by him or any other person to obtain information concerning the company, its officers or agents by search of the records of the office of the county clerk of Muskegon county or secretary of State, the records of both offices containing the necessary information.

The statute provides, in part:

"If the sheriff of any county in this State in which the office of any such corporation for the transaction of business is, by its articles, fixed, shall return that upon careful inquiry he has been unable to find any such office or any president, secretary, treasurer or general agent of such corporation in such county, service of such notice may be made upon such corporation by publication as hereinbefore provided in case of persons whose whereabouts or postoffice ad-

dress cannot be ascertained; and this provision shall apply as well to corporations whose term of corporate existence has expired as to those whose term of existence has not expired." (1 Comp. Laws 1929, § 3535, as amended by Act No. 10, Pub. Acts 1932 [1st Ex. Sess.] [Comp. Laws Supp. 1935, § 3535, Stat. Ann. § 7.198]).

Under the express mandatory terms of the statute, service by publication cannot be made except upon return of the sheriff that—"upon careful inquiry he has been unable to find any such office, or any president, secretary, treasurer, or general agent of such corporation in such county," and the provision applies to corporations whose existence has expired as well as those whose existence has not expired. The officer failed to investigate either the records in the office of the county clerk or the secretary of State, obvious sources of information concerning the Moon Fink Development Company, and which records in fact contained the knowledge desired. Under such circumstances, he cannot be held to have made "careful inquiry" as contemplated by the statute. See *Woodward* v. *Von Zellen,* 234 Mich. 301; *Gustin* v. *Bonehead Hunting Club,* 280 Mich. 296. And his return that careful inquiry had been made was impeachable for falsity or fraud. *Heethuis* v. *Kerr,* 194 Mich. 689; *Gustin* v. *Bonehead Hunting Club, supra.*

The service by publication was, therefore, a nullity.

Decree affirmed, with costs to appellees.

WIEST, C. J., and BUTZEL, BUSHNELL, SHARPE, POTTER, NORTH, and McALLISTER, JJ., concurred.