BONNINGHAUSEN *v.* GLANN.

1. EJECTMENT—PRIMA FACIE CASE—TAX TITLE—RETURN OF SERVICE
OF NOTICE OF RIGHT TO RECONVEYANCE.

In an action of ejectment brought by successor in title of last
grantee in original chain of title from the government against
successors in interest of purchasers at a tax sale, plaintiff
made a prima facie case upon showing his title and that no
proper return of service of notice of right to reconveyance
from tax sale purchaser had been made (1 Comp. Laws 1929,
§ 3535).

2. TAXATION—VALIDITY OF TAX TITLE—STATUTES.

The validity of a tax title depends upon compliance with
statute under which the title is acquired (1 Comp. Laws 1929,
§ 3535).

3. SAME—NOTICE OF RECONVEYANCE—SERVICE.

Statute relative to service of notice of reconveyance by purchaser
at tax sale contemplates that he must make an honest and
diligent effort to ascertain the whereabouts of the last recorded
owner in the regular chain of title that he may be served with
notice of the sale and have an opportunity to redeem (1 Comp.
Laws 1929, § 3535).

4. SAME—STATUTES—RETURN OF SERVICE OF NOTICE OF RECONVEY-
ANCE.

Where last grantees in original chain of title from the govern-
ment appeared in the record of title to reside in a county other
than the one in which the land was located but no return was
made by sheriff of such other county as to service of notice
of right to reconveyance from tax sale upon such last grantee
of record, defendants, claiming through purchaser at tax sale,
failed to establish valid title since there had not been compli-
ance with statute relative to service of such notice (1 Comp.
Laws 1929, § 3535).

5. EJECTMENT—NEW TRIAL—TAX TITLE—SERVICE OF NOTICE OF RE-
CONVEYANCE UPON RESIDENT OF ANOTHER COUNTY.

Motion for new trial in action of ejectment cannot be set aside
after judgment for plaintiff, successor in title of last grantee
of record in original chain of title upon affidavit that the tax

sale purchaser's attorney and the local sheriff who had made
return of service had told purchaser that search for such last
grantees of record had been made in county of their residence
by sheriff of that county and return made of inability to find
such grantees where record fails to show a return made by
sheriff of such other county (1 Comp. Laws 1929, § 3535).

6. SAME—NOTICE OF RECONVEYANCE—SUFFICIENCY OF DESCRIPTION.
   Description of land in notice of right to reconveyance from tax
   deed holder as being in a certain town north of a certain
   range west of the meridian which could be located only in a
   certain county although land was not expressly recited as being
   in such county was not defective where return of sheriff was
   prefaced with the name of the county and signed by him in
   his official capacity (1 Comp. Laws 1929, § 3535).

7. COSTS—BRIEF.
   No costs are allowed to appellee upon affirmance of judgment
   where he filed no brief.

Appeal from Gladwin; Smith (Frank Day), J.,
presiding. Submitted April 9, 1941. (Docket No.
35, Calendar No. 41,313.) Decided June 2, 1941.

Ejectment by Richard I. Bonninghausen against
Archie Glann and others. Judgment for plaintiff.
Defendants appeal. Affirmed.

*Herbert W. Smith,* for defendants.

BUSHNELL, J. This action in ejectment was
brought by plaintiff Bonninghausen, a successor in
title to George Paulos and Gust Johnson, the last
grantees in the original chain of title from the
government to property described as the northwest
quarter of the southwest quarter, and southwest
quarter of the northwest quarter of section 30, town
18 north, range 1 west, Gladwin county, Michigan.
Defendant Archie Glann is the successor in title
to Frank Flynn, a purchaser of the tax title to this
land from the auditor general. Defendants Tyler

Anderson and wife are tenants of defendant Glann.

The fundamental question in the case is whether Frank Flynn, who purchased the premises at a tax sale held May 1, 1928, for the unpaid taxes of 1925, obtained good title. The defects in Flynn's title as alleged by plaintiff are that both the return of service of the notice to redeem made by the sheriff of Gladwin county and the notice itself are insufficient. The questions which require determination are: Was the return of service in accordance with the requirements of the statute, and was the notice to redeem invalid because it failed to recite the State and county in which the premises are located?

The last deed in the regular chain of title as recorded in the office of the register of deeds of Gladwin county shows that the grantees, George Paulos and Gust Johnson, lived in the city of Flint, Genesee county, Michigan. The return of the sheriff of Gladwin county recites that, after careful inquiry, he was unable to ascertain the whereabouts or post office address of George Paulos and Gust Johnson. The statute with respect to "notice to redeem" and its service is 1 Comp. Laws 1929, § 3535 (Stat. Ann. § 7.198), which reads in part:

"No writ of assistance or other process for the possession of any land * * * shall be issued until six months after there shall have been filed with the county clerk of the county where the land is situated, a return by the sheriff of said county showing that he has made personal service of a notice or proof of substituted service thereof, as hereinafter provided, upon the person or persons appearing by the records in the office of the register of deeds of said county to be the last grantee or grantees in the regular chain of title of such lands, or of any interest therein, at the date of the delivery of such notice to the sheriff for service. * * *

"*Provided,* That if the grantee or grantees, or the person or persons holding the interest in said lands as aforesaid, shall be residents of any county of the State other than the county in which the land is situated, then such return as to such person shall be made by the sheriff of the county where such person or persons reside or may be found: *Provided further,* That if the person or persons entitled to such notice, or any of them, shall be nonresidents of this State, if from the said record aforesaid, or from inquiry, the sheriff can obtain the postoffice address of such person or persons."

The record does not show that any return was made by the sheriff of Genesee county.

Plaintiff produced George Paulos. He testified that he had lived in Flint for better than 20 years and that his address from 1926 to 1933 was 619 Dartmouth street in that city. The head of the reference department of the Flint Public Library testified that the Flint city directory for the years 1929 and 1930 gave the address of George Paulos as 619 E. Dartmouth street.

Defendants contend that this testimony is not sufficient to impeach the return of the sheriff of Gladwin county, and that his return is a perfect compliance with the statute. The weakness of defendants' contention is that plaintiff had made a prima facie case which was sufficient to place upon defendants the burden of showing by what right they were in possession. *Goodman* v. *Fangert,* 204 Mich. 66, 72. The validity of defendants' title depends upon compliance with the statute. *Gustin* v. *Bonehead Hunting Club,* 280 Mich. 296. There is no proof in this record of any attempt to serve Paulos in Genesee county and the record does not contain a return of the sheriff of that county as re quired by the quoted language of the statute.

As said in *Gustin* v. *Bonehead Hunting Club, supra*:

"The statute contemplates that one who purchases a tax title must make an honest and diligent effort to ascertain the whereabouts of the owner that he may be served with notice of the sale and have an opportunity to redeem. *Wolf* v. *McDonald*, 244 Mich. 59."

The court further said:

"The situation indicates many obvious sources of information open to the sheriff which would naturally be pursued by anyone actuated by a good faith desire to ascertain Mrs. Gustin's whereabouts and which would be practically certain to disclose them. The testimony also shows a total absence of attempt to pursue the obvious sources of information or to make even casual inquiry. To sustain the service under these circumstances would invite tax purchasers to disregard the statute."

The sheriff of Gladwin county was charged with notice of the residence of George Paulos as shown in the recorded deed. *Wolf* v. *McDonald, supra*. The determination of the trial judge that it was the sheriff's duty to have attempted to make service through the Genesee county sheriff was correct.

Defendants argue:

"If this court should hold that the defendant has the burden of proof to establish that the sheriff performed his duty then this defendant contends a new trial should be granted the defendant on his motion for new trial for the reason that the defendant was prevented from having the testimony of the sheriff and the Hon. John C. Shaffer, circuit judge who was holding court in Detroit while the Hon. Frank Day Smith was holding court in Gladwin for him."

This request is based upon an affidavit which accompanied a motion for new trial. Defendants'

counsel stated that Circuit Judge Shaffer was attorney for the owner of the tax title at the time when steps were taken to perfect it. Counsel alleged that he had been informed by Judge Shaffer and D. M. Paxton, sheriff of Gladwin county, that all necessary steps were taken and that proper notice and service were sent to the sheriff of Genesee county and returned with the information that he was unable to find and serve the notice upon Paulos and Johnson. The circuit court denied appellants' motion for new trial and that denial cannot be set aside. No matter what defendants' counsel had been told, compliance with the statute required the sheriff of the county in which the last grantee resides to make a return. Because the last-recorded deed showed the residence of the grantees to be in Genesee county, the return is insufficient in the absence of a showing of search made in Genesee county. The exercise of diligence and good faith required proof of search in Genesee county in this instance. *Clugston* v. *Rogers,* 203 Mich. 339, 345, and *Porter* v. *Baranowski,* 284 Mich. 190.

In view of the foregoing, it is unnecessary to discuss at length plaintiff's contention that the notice to redeem as published is faulty in that it did not contain any statement as to the State and county in which the land is located. In any event, this question is controlled by decision in the recent case of *Briggs* v. *Prevost,* 293 Mich. 677, where, in an identical situation, the published notice was held to be valid.

Judgment affirmed. No brief having been filed by appellee, no costs will be allowed.

SHARPE, C. J., and BOYLES, CHANDLER, NORTH, WIEST, and BUTZEL, JJ., concurred. McALLISTER, J., took no part in this decision.