ATLANTIC MUNICIPAL CORPORATION v. WALLACE.

No. 30742. Oct. 26, 1943.

Rehearing Denied Jan. 25, 1944.

*144 P. 2d 975.*

James T. Steil and Charles Skalnik, both of Tulsa, for plaintiff in error.

Chas. L. Yancey, G. C. Spillers, and Kavanaugh Bush, all of Tulsa, for defendant in error.

GIBSON, V. C. J. This is an action in ejectment instituted by the holder of a certificate tax deed against the record owner in possession. Judgment was for defendant, and plaintiff appeals.

By her answer and cross-petition the defendant attacked the validity of the tax deed on a number of grounds, and asked that her title be quieted as against the same.

Demurrer to plaintiff's evidence was overruled, but the court, apparently considering the demurrer as a motion for judgment as in equity, immediately rendered judgment for defendant on plaintiff's evidence.

The principal question is whether the court erred in holding the deed void for failure of the officer to make return, within the time provided by law, of the notice of intention to demand issuance of a deed upon the tax certificate. 68 O. S. 1941 § 451.

Defendant attacked the deed on the ground aforesaid; and plaintiff's evidence disclosed that the return of the notice was not made to the county clerk as in said section required.

Section 451 provides, among other things, that in event any land sold at the regular November sales is not redeemed within two years the county treasurer shall execute to the holder of the certificate of purchase a deed for the land, provided, the holder of the cer-

tificate, before he is entitled to such deed, shall cause written notice to be served on the owner, which notice shall recite, among other things, that unless redemption is made from such sale within 60 days after the date of the service of such notice, a tax deed will be demanded and will issue as provided by law. Until the expiration of said 60 days, redemption may be made by any person authorized by law to redeem. Said section then concludes as follows:

"All service and return shall be made in the same manner as that of summons in courts of record. The notice, with the tax sale certificate, after being duly served or published, or both, shall be returned and filed in the office of the county clerk, who shall make notation of its date and the date of service on the delinquent sale record, and the fee for such service and publication shall be the same as for like service of summons, and shall be added to the amount necessary to redeem such sales. The notice herein provided for may be served at any time after a date not exceeding sixty days prior to the expiration of two years subsequent to the day of sale."

Service and return of summons in courts of record are governed by 12 O. S. 1941 § 155. When issued to the county where the action is commenced, the summons shall be served and returned by the officer to whom it is directed within ten days from its date.

That provision applies to the notice in this case.

Here, the notice was dated October 16, 1940, served on defendant October 21, 1940, and the manner of service, together with fees, endorsed thereon by the officer under date of October 24, 1940. But the notice with the officer's endorsement was not returned and filed in the office of the county clerk until December 20, 1940, or more than ten days after date of the notice.

Plaintiff takes the position that the return of summons as used in said section 155, and related sections, refers merely to the officer's endorsement of service thereon, not to its return and filing in the office where made returnable. And in this connection it is urged that the service of the writ, not the officer's return, gives to the court jurisdiction of the party; that the return is merely evidence of service. So far as judicial proceedings are concerned, the authorities cited by plaintiff sustain the assertion that the service confers jurisdiction.

But our attention is called to no authority sustaining the view that service of notice in cases of this character without actual return thereof to the county clerk is sufficient to meet the jurisdictional requirement of notice before issuance of the tax deed by the county treasurer.

In view of the recognized right of taxpayers to redeem their property from tax sales so long as the way to redemption is not closed by positive law, we would say that if the failure to return the notice into the county clerk's office within ten days from its date interfered to the manifest prejudice of the owner's right to redeem, then a deed issued in the face of such omission would be void for want of jurisdictional requirement.

Section 155, supra, says that the summons "shall be served and returned . . . within ten days from its date." Section 451, supra, says "all service and return shall be made in the same manner as that of summons in courts of record."

The expression "served and returned" as used in section 155 can contemplate nothing short of service of the summons upon the party, the officer's return or manner of service endorsed thereon, and the filing thereof in the office where made returnable. "Service and return" as used in section 451 was clearly intended to include return of the notice into the county clerk's office. Proper service of summons without return of the writ may, as plaintiff insists, confer jurisdiction of the party upon the court, but, from the standpoint of jurisdiction, service of notice of intention to demand a tax deed presents a different question. The return

or endorsement thereon by the officer plays a necessary part in the process of redemption. The requirement of the statute is mandatory in this regard. Adams v. Rogers, 158 Okla. 163, 13 P. 2d 170. The notice must be endorsed by the officer, returned to the clerk and entered by him as required by said section 451 before the treasurer· acquires jurisdiction to execute the deed. Id. The rule is there stated as follows:

"Section 9749, C. O. S. 1921, provides, in part, that the notice of a demand for a tax deed, 'with the tax sale certificate, after being duly served or published, or both, shall be returned and filed in the office of the county clerk, who shall make notation of its date and the date of service on the delinquent sale record, and the fee for such service and publication shall be the same as for like services of summons, and shall be added to the amount necessary to redeem such sales.' This requirement of the statute is mandatory and not directory."

Section 9749 mentioned in the above paragraph is the same as section 451, supra.

It is made to appear in the above-cited case that the notice had not been returned and filed in the clerk's office when the deed was executed. Plaintiff says that this circumstance clearly distinguishes that case since the notice was returned and filed before the execution of the present deed.

That point does justify serious argument, but we look upon that case as somewhat in point, and a guide in deciding the present one. There, the court, in referring to the particular provisions of section 451 here under consideration, said:

"The failure to comply with section 9749, supra, in the filing of the notice of a demand for a tax deed with a tax sale certificate in the office of the county clerk, whose duty it was to make a record of the fee and the amount necessary to redeem such sale, is not a mere irregularity, but is an omission of an important and essential step in the issuance of a tax deed in divesting an owner of his title to the land."

Defendant believes that the failure to file the notice, with the officer's fees endorsed thereon, within ten days constituted a serious and unwarranted interference with her right to redeem. She says that since the fees of the officer are made a part of the cost of redemption, neither she nor the county treasurer could determine the amount necessary to redeem until the notice was returned and filed. Adams v. Rogers, supra. That being the case, says defendant, she was bound to take cognizance of the return only if filed within ten days from its date; that the statute does not require her to stand by indefinitely awaiting the return, and that after the expiration of the ten days she was justified in treating the notice as abandoned.

The statute in providing for the notice and return thereof intended to fix a definite period of warning to the taxpayer beyond which he might at any time lose his right to redeem. That period was 60 days after the service of notice. Here, the notice was returned and filed on the last day of that period. Plaintiff says in effect that since the fees of the officer were properly entered within the redemption period, the defendant was in no way prejudiced by the delay in making the return.

But, since the failure to comply with section 451, supra, in the filing of the notice is not a mere irregularity, but an essential step in the issuance of the deed (Adams v. Rogers, supra), the question of prejudicial results does not enter into the matter.

The provision that service and return be made within ten days from the date of the notice is not an idle or meaningless one. The taxpayer knows that the officer's fees are added to the cost of redemption and become a part thereof. He has a right to expect those fees to become ascertainable not later than ten days after the date of the notice placed in his hands. In the interest of orderly

and well-defined procedure on the sale of property for delinquent taxes, the Legislature has said that those fees must be recorded in a certain manner within a designated period. That requirement is jurisdictional, an essential step in the proceedings leading up to the deed. Notices by individuals upon taxpayers of intention to demand a deed are not favored with any presumption of legality or regularity. And the provisions of the statute relating to redemption from tax sales are to be construed liberally in favor of the redemptioner. Adams v. Rogers, supra.

A tax deed cannot be legally issued until the notice is returned to the clerk. But we believe no one would urge that in event the deed is not issued until after the return of the notice to the clerk, a delay of months or even years in making the return would constitute a mere irregularity. The Legislature has limited the time to ten days, and it is not within our province to extend that period.

The judgment is affirmed.

CORN, C. J., and OSBORN, BAYLESS, and DAVISON, JJ., concur. RILEY, WELCH, HURST, and ARNOLD, JJ., dissent.