## STREET, Adm'r, v. BOARD OF COM'RS OF COTTON COUNTY.

No. 26926. May 25, 1937.

Leo G. Mann and C. J. Brown, for plaintiff in error.

Charles C. Dunn, for defendant in error.

HURST, J. This is an action to recover the amount paid by the purchaser of tax sale certificates on lots 5 and 6 of block 82 in Walters addition to the city of Walters. The certificates were purchased at a tax sale by E. S. Hallock, and upon his death the plaintiff, Allen Street, was appointed administrator with the will annexed of his estate. Recovery is sought under the provisions of section 12749, O. S. 1931, which reads as follows:

"When lands or lots which have heretofore been, or shall hereafter be sold, and tax sale certificates or tax deeds issued by the county treasurer therefor, on which land or lots no tax was due, or where said sale was, or is otherwise illegal, or a portion of such tax covered improvements which were not on the premises at the time same were assessed the county shall save the purchaser or his assigns harmless by refunding and paying to him or them the original purchase money paid thereon together with subsequent payments with interest from date of payment at six (6)

per cent. per annum. No action for such refund shall be commenced after the expiration of five (5) years from the time a tax deed might have been applied for, had the sale been valid."

The plaintiff in his petition alleged that the tax sale certificates were void for a number of reasons, but in his brief he relied upon only three grounds.

Judgment was rendered for defendant, and from that judgment the plaintiff appeals.

1. It is first urged that the tax sale certificates are void because of the failure of the county treasurer to file a return of sale in the office of the county clerk or to retain a copy thereof in his own office. The record shows that the treasurer did file a return in the office of the county clerk, but that it was not shown to be complete. However, it did show the sale of the lots in question to E. S. Hallock. The record also shows that the treasurer kept a record of the sale in his own office. The evidence is very meagre as to the contents of such record and return, and we are not prepared to say whether it complies with the statute, section 12745, O. S. 1931. The cases relied upon by the plaintiff were overruled in Jepeway v. Barrett (1933) 165 Okla. 220, 25 P. (2d) 661, and it was there held that the failure of the county treasurer to file a return of the sale proceedings in the office of the county clerk does not render the sale void. In the recent case of Davis v. Farris, decided April 13, 1937, 180 Okla. 125, 68 P. (2d) 417, we adhered to the rule laid down in the Jepeway Case.

2. The plaintiff next contends that the certificates are void because they show the sale was made on November 12, 1927, which was not the first Monday in November. However, the records of the treasurer's office were introduced showing that the sale was commenced on the first Monday in November, 1927, and continued from day to day until the third Monday in November. This is authorized by the provisions of section 12742, O. S. 1931.

3. The plaintiff next contends that the property described in the certificates was not included in any advertisement of sale and for that reason the certificates were void. The evidence shows that the notice of sale described the lots as being in "Original Walters," while the tax sale certificates described the property as being in "Walters Add." Both the notice of sale and tax sale certificates described the property as be-

ing in Cotton county, state of Oklahoma. There is no evidence that the original town of Walters had 82 blocks in it, nor does the plaintiff contend that it did. On the other hand, it is asserted by the defendant in its brief that the original town of Walters contained 48 blocks and that Walters addition begins with block 49 and takes to and including block 82, and that the only block 82 in the city of Walters is in Walters addition thereto, and this court in the case of Medaris v. Tracey (1934) 170 Okla. 113, 39 P. (2d) 30, held that the description of property in an addition, naming the addition and the county but not the city to which the addition was attached, could be made certain by the proof that there was no other such addition in the county. See, also, 61 C. J. 1357.

The plaintiff failed to establish a case for recovery of the amount paid for the tax sale certificates, and the subsequent taxes paid thereon, and the court properly entered judgment for the defendant.

Affirmed.

OSBORN, C. J., and WELCH, PHELPS, and CORN, JJ., concur.