## GROSS v. HUTCHINS.

No. 26616.    Sept. 14, 1937.

R. E. Bowling, for plaintiff in error.

John C. Powell, for defendant in error.

BAYLESS, V. C. J.    Minnie M. Gross sued Charles Hutchins in the district court of Murray county, Okla., and in her petition she alleged herself to be "the legal owner in fee simple and in the actual and peaceable possession of" a certain ten-acre tract of land situated in Murray county; and that she acquired and held title to said land by virtue of a certain warranty deed bearing date of June 16, 1934, made to her by the United Mining & Milling Company, a corporation, which deed was of record in the office of the county clerk of said county. She further alleged that the defendant, Charles Hutchins, claims some right, title, or interest in and to said real property adverse to the plaintiff, which constitutes a cloud on the title of this plaintiff. She prayed that her title be quieted and confirmed, and for costs.

When the case was called for trial in the court below, the respective parties being present and represented by counsel, the plaintiff in open court dismissed her action. However, at the time she dismissed same, the defendant had on file in the case his answer, and also a cross-petition; and said plaintiff had on file a reply, which reply consisted of a general denial of each and every material allegation contained in said answer and cross-petition.

In said answer the defendant denied generally the allegations of the plaintiff's petition, except admitting the existence and recordation of the warranty deed mentioned in said petition. Defendant alleged, how-

ever, that the United Mining & Milling Company, a corporation, grantor in said deed, had no right, title, or interest in said property to convey to said Minnie M. Gross at the time said conveyance was made, which fact, he further alleged, said plaintiff knew; and that plaintiff had no right, title, or interest in said land and was not in possession of said land at the time of the institution of this suit and is not in possession at this time. And having so alleged, he further alleged in said answer that:

"* * * He was in the quiet and peaceable possession of said lands, * * * subject matter of this suit, at the time of the filing of the petition * * * by plaintiff, and is in the quiet and peaceable possession at this time, holding same by virtue of purchase at sheriff's sale in case No. 3704 in the district court of Murray county, Okla., wherein the First National Bank of Davis, Okla., a corporation, was plaintiff and the United Mining & Milling Co., a corporation, was defendant, and wherein said plaintiff had seized said land under attachment proceedings. That the sale to defendant by the sheriff of Murray county, Okla., was in due course confirmed by the district court, and that defendant's deed was duly filed for record with the county clerk of Murray county, Okla., on the 10th day of May, 1930, and recorded in book 62, page 32. A copy of said deed is attached hereto and made a part hereof. * * *"

And said answer concluded with a prayer by the defendant that the prayer of plaintiff be denied and that said plaintiff be declared to have no right, title, or interest in and to the real property, the subject matter of this action, and that title be quieted in the defendant.

In the defendant's cross-petition he prayed that he be awarded damages for his costs in defending this suit in the amount of $100 and exemplary damages in amount of $2,000 and his costs, and as a basis therefor, he alleged in said cross-petition:

"That said Minnie M. Gross at the time she obtained the deed from the United Mining & Milling Company, a corporation, knew that said corporation had no right, title, or interest in the land it attempted to convey to her, and the representations of said Minnie M. Gross in her petition that she was in the quiet and peaceable possession of said land is false and fraudulent, and said Minnie M. Gross only took said deed and made said false and fraudulent representations for the purpose of clouding defendant's title to the land in question and for the purpose of harassing and damaging defendant, cross-petitioner, and that her said acts were malicious and oppressive."

Immediately following the plaintiff's dismissal of her action, the trial court proceeded to cause a jury to be impaneled in the case, and a trial followed. The only issues tried before the jury, however, were those made by the defendant's cross-petition and the plaintiff's reply thereto. And the jury, after hearing the evidence, and after being instructed by the court upon the issues made by said pleadings, returned a verdict finding for the defendant, Charles Hutchins, and therein fixing the amount of his recovery "in the sum of $100 actual damages, and the sum of $1,000 exemplary damages." This verdict was received and accepted by the trial court. And thereafter said court rendered judgment pursuant to and in accordance with said verdict; and, in addition thereto, said court ordered, adjudged, and decreed that the title of said defendant in and to the ten-acre tract of land involved in the litigation be quieted as to all claims asserted by said Minnie M. Gross, and that said Minnie M. Gross has no right, title, or interest therein, and that she be and hereby is barred and enjoined from asserting any right, claim, or interest in and to said property adverse to said Charles Hutchins, and that the title of said Charles Hutchins, in so far as it is affected by the claim of Minnie M. Gross, be quieted and confirmed.

The record before us does not disclose that the plaintiff, having dismissed her action against the defendant, made any contention whatever before the trial court to the effect that the dismissal of her action precluded the defendant from having a trial of the claims set up and asserted by him in his answer. Nor does the record show that said plaintiff objected to the trial proceeding for that purpose. It appears that the only objection made by said plaintiff to further proceeding being had in the case was that she objected to going to trial on the defendant's cross-petition.

Section 206, Okla. Stat. 1931, provides that a defendant may set up in his answer, in addition to a general denial, a statement of any new matter constituting a defense, counterclaim, or set-off, or a right to relief concerning the subject of the action. And section 423, Id., provides that in any place where a set-off or counterclaim has been presented, the defendant shall have the right of proceeding to the trial of his claim, although the plaintiff may have dismissed his action. In Brown v. Massey,

19 Okla. 482, 489, 92 P. 246, 249, it was said in relation to the provisions of the aforementioned statutes that:

"* * * While the plaintiff had a right at any time before final judgment to dismiss his action, it was not error on the part of the court to allow the plaintiff to dismiss so far as his petition was concerned, but the defendant, having filed an answer alleging facts sufficient to warrant, and having asked for affirmative relief, had the right to proceed with the case to final judgment so far as affirmative relief is concerned, and to have all the aid and assistance from the court which was necessary to secure such relief as he was entitled to under the pleadings."

Considering the defendant's answer as a whole, and giving full import and consideration to all the inferences that may be legally drawn therefrom, we think it may be said that said answer was sufficient in respect of facts as to entitle the defendant to proceed to trial of his claim to the ten-acre tract of land involved and his right to have his title thereto quieted, as against the plaintiff; and it is our view that the action of the trial court in permitting the trial to proceed for that purpose was correct and proper.

If the judgment of the trial court, quieting the defendant's title to the ten-acre tract of land and barring and enjoining the plaintiff from asserting any claim to right, title, or interest therein, was erroneous, said plaintiff has omitted in her brief to point out wherein or in what respect same is erroneous. And hence we do not feel disposed to examine the record herein in search of prejudicial error upon which to base a reversal of that part of said judgment. Wyant v. Levy, 134 Okla. 39, 272 P. 851; Griggs v. Reeser Motor Co., 159 Okla. 279, 16 P. (2d) 252. Such error, if any, will be considered as waived. Penny v. Fellener, 6 Okla. 386, 50 P. 123.

At the time the plaintiff dismissed her action against the defendant, she did not, as we have heretofore mentioned, make any objection to the trial proceeding upon the defendant's answer, but she did, however, object to the trial being had upon said defendant's cross-petition. Her objection, according to the record and as set forth in her brief, being as follows: "Plaintiff objects to going to trial on the cross-petition filed herein by the defendant for the reason the same does not state a cause of action against the plaintiff."

From our examination of said cross-petition we note, among other things, that the allegations contained in the defendant's answer are not incorporated in or made a part of said cross-petition, either by express reference or adoption. In Mathews v. Sniggs, 75 Okla. 108, 182 P. 703, it was held:

"A counterclaim or cross-petition must be pleaded as fully and distinctly, and with the same substantial requisites, as an original cause of action; it must be sufficient within itself without recourse to other parts of the pleading, or other pleadings, unless by express reference. It should be separately stated, and must show with certainty the character of the claim, how it accrued, and the facts making it a proper subject of counterclaim or cross-petition."

Said cross-petition, standing alone, as it must, since the allegations and recitals of the defendant's answer are not pleaded therein or in any wise made a part thereof, does not meet the requisites specified in Mathews v. Sniggs, supra. Certainly it cannot be said that said cross-petition is pleaded as fully and distinctly, and with the same substantial requisites, as an original cause of action. Nowhere in said cross-petition is it alleged that the deed referred to therein as being taken from the United Mining & Milling Company by Minnie M. Gross had ever been recorded. Nor is the defendant, Charles Hutchins, therein alleged as being the owner or or possessed of any interest or estate whatever in and to such land as was covered by said deed, or that he had possession of such land. It is our view, therefore, that said cross-petition does not state facts sufficient to constitute a cause of action, and we hold that the trial court erred in permitting the defendant, Hutchins, to proceed to trial thereon.

For the reasons stated, that portion of the judgment rendered in the court below quieting Charles Hutchins' title to the ten-acre tract of land involved in the litigation as against the claim thereto asserted by Minnie M. Gross, and barring and enjoining the said Minnie M. Gross from asserting any right, claim, or interest in and to said land adverse to the title of said Charles Hutchins, is hereby affirmed. But that portion of said judgment awarding damages to the said Charles Hutchins is hereby reversed, and the cause is remanded to the district court of Murray county, Okla., with directions to vacate and set aside the award of damages; and to grant the said Charles Hutchins reasonable time, if requested, within which to amend his cross-petition. Otherwise, to dismiss said cross-petition.

OSBORN, C. J., and RILEY, WELCH, GIBSON, and HURST, JJ., concur. PHELPS, CORN, and DAVISON, JJ., dissent.