## TWYFORD et al. v. STEPHENS.

No. 27384. Oct. 18, 1938.

William J. Crowe and Earl A. Brown, for plaintiffs in error.

Keller & Cameron, for defendant in error.

HURST, J. This is an action to quiet title and involves the validity of a certificate tax deed in defendants' chain of title. Judgment was rendered for plaintiff, and defendants appeal.

We will consider first plaintiff's contention in support of the judgment that the deed under which defendants claim is champertous and void. One W. C. Foster obtained a certificate tax deed to the property in question on June 19, 1925. He conveyed the property by quitclaim deed to T. M. Langley on November 12, 1925, who in turn conveyed to defendants on February 25, 1931. Plaintiff claims the deeds of Foster to Langley and Langley to defendants are champertous. These contentions are not well taken. The record shows that plaintiffs did not acquire title to and possession of the property until 1931. There is nothing, therefore, to show that the deed from Foster to Langley was champertous. If we assume the Langley deed to defendants was champertous, that cannot avail plaintiffs here because Langley is a party to the lawsuit defending and prosecuting the action on behalf of defendants. It is well established in this jurisdiction that a champertous deed is valid as between the grantor and grantee therein, and that the grantor may maintain an action for the use and benefit of his grantee and the judgment in favor of the grantor inures to the benefit of the grantee. Gannon v. Johnston (1914) 40 Okla. 695, 140 P. 430; Slyman v. Alexander (1927) 126 Okla. 232, 259 P. 224; Cox v. Fowler (1929) 141 Okla. 110, 283 P. 995.

Defendants urge several grounds for reversal, but we need only consider the contention that the trial court erred in decreeing defendants' tax deed void because of the failure of the county clerk to make notation on the delinquent sales record of the date of service of the notice of application for tax deed and the tax sale certificate. The applicable statute is section

12759, O. S. 1931 (68 Okla. St. Ann. sec. 451), which reads in part as follows:

"The notice, with the tax sale certificate, after being duly served or published, or both, shall be returned and filed in the office of the county clerk, who shall make notation of its date and the date of service on the delinquent sale record. * * *"

The case of Adams v. Rogers (1932) 158 Okla. 163, 13 P.2d 170, relied on by plaintiff, holds that the above provision is mandatory and not directory. In that case, the court was dealing with the failure of the party applying for a tax deed to comply with said statute by filing the notice with the tax sale certificate. Here such notice and certificate were returned and filed with the county clerk, but that officer failed to make the proper notations. The tax deed holder did all that the law required of him and in such case he will not lose his rights because of the failure of the public officer to make the notations with which he is charged by law. Hodges v. Simpson (1922) 89 Okla. 80, 213 P. 737. See, also, Jepeway v. Barrett (1933) 165 Okla. 220, 25 P.2d 661, and Street, Adm'r, v. Bd. of Com'rs of Cotton County (1937) 180 Okla. 177, 68 P.2d 514, which are in harmony with this holding.

It is next urged that the court committed error in overruling the motion for judgment on the pleadings for the reason that the plaintiff did not tender the taxes, interest, penalties, and costs assessed against the land. The tax deed was first mentioned in the pleadings by the answer and cross-petition of the defendants. Plaintiff in his reply alleged that the tax deed is void. The defendants did not in said motion for judgment on the pleadings or in their pleadings specifically mention the failure to make tender, which should be done in order to preserve the point. Courtney v. Worley (1937) 181 Okla. 399, 74 P.2d 370. However, plaintiff in her brief states that the question of tender was presented to the trial court by the defendants at the conclusion of the evidence, and the court refused to require payment of the taxes because he found the deed to be void. Under section 12668, O. S. 1931 (68 Okla. St. Ann. sec. 360), it was the duty of the court to require such payment as a prerequisite to the entry of judgment in plaintiff's favor, when the question was called to the attention of the court prior to the entry of judgment. See Parks v. Lyons, 183 Okla. 529, 83 P.2d 573; Schulte v. Herndon, 184 Okla. ___, ___ P.2d ___, this day decided.

The judgment is reversed, with directions to grant a new trial and to proceed not inconsistent with the views herein expressed.

OSBORN, C. J., BAYLESS, V. C. J., and WELCH, PHELPS, GIBSON, and DAVISON, JJ., concur. RILEY and CORN, JJ., absent.