BANCHOR, Trustee, v. BASS.

*95 P. 2d 895.*

No. 29056. Nov. 7, 1939.

Allen Wright and A. James Gordon, of McAlester, for plaintiff in error.

John L. Bolend, of Caddo, for defendant in error.

HURST, J. This is an action to cancel a tax deed issued pursuant to a tax resale held in April, 1936, and to quiet title to the land thereby conveyed. Plaintiff is the grantee of the former owner of the land, and this action was commenced within one year after the recording of the deed. The trial court rendered judgment in favor of defendant, sustaining the validity of the deed, and plaintiff brings this appeal.

1. The first contention is that the tax resale, based upon the original sale in November, 1933, for delinquent 1932 taxes, was premature because of chapter 66, art. 15, sec. 1, S. L. 1935, canceling all penalties, interest, and costs that have accrued on unpaid taxes levied and assessed for the year 1932 and prior years. The argument is that this act canceled, vacated, and set aside the original sale and postponed the delinquency of the 1932 taxes until December 1, 1935. This same contention has been passed upon adversely to plaintiff in Stith v. Simmons (1938) 181 Okla. 538, 75 P. 2d 419. Plaintiff, however, contends that the Stith Case is distinguishable on its facts, and furthermore that it does not correctly construe the act. In the Stith Case the land there involved was sold at the November, 1930, sale for the delinquent 1929 taxes. On December 2, 1935, the defendant secured from the county treasurer a tax sale certificate. The plaintiff sought cancellation of the certificate and injunctive relief to prohibit the defendant from applying for a deed, contending that by reason of the 1935 act "no delinquency existed upon which a valid tax sale certificate could be issued." The court held that the act merely abolished the penalties and did not void all proceedings based upon prior

delinquencies. The only factual difference in the cases is that in the Stith Case the county, as purchaser at the original sale, divested itself of the property by means of a tax sale certificate, whereas here the county pursued the resale course. The fundamental question of whether the 1935 act rendered the original sale void and postponed the delinquency of prior taxes to a date when neither a tax sale certificate in that case nor the resale in this case would be authorized is identical in both cases. The construction there adopted is decisive of the contention now made, and we reaffirm the holding therein.

2. The second contention is that the resale deed in question should be canceled because the county treasurer wholly failed to make a return of the original sale as required by section 12745, O. S. 1931, 68 Okla. St. Ann. § 386. The effect of the failure of the county treasurer to file in the office of the county clerk a return of original sale as required by statute has been settled in Jepeway v. Barrett (1933) 165 Okla. 220, 25 P. 2d 661, which overruled previous cases to the contrary and has been consistently followed by this court. See Street v. Board of Com'rs of Cotton County (1937) 180 Okla. 177, 68 P. 2d 514; Davis v. Fariss (1937) 180 Okla. 125, 68 P. 2d 417; McNaughton v. Beattie (1937) 181 Okla. 603, 75 P. 2d 400; Gilbert v. Cochran (1938) 183 Okla. 100, 80 P. 2d 230. In the cited cases it is held that the failure to file such a return is not such a jurisdictional defect as to render the tax deed void when attacked more than one year after the recording thereof, nor is it such an irregularity as will of itself vitiate the deed if attacked within the year. The return is merely evidence which, if properly filed, raises a presumption of the regularity of the proceedings, but it is not the only evidence. It is pointed out in Jepeway v. Barrett, supra, that although it is true there must be a sale of the land to the county before there can be a resale thereof, yet any record which by statute is made presumptive evidence of the regularity of the proceedings will be sufficient to raise a presumption of that fact, which will require, to defeat the deed, a showing that no sale was had, or that the land was not sold, or that the county was not the purchaser. Such presumption, it was noted, was created not only by the return of original sale, but also by the sales record in the office of the county treasurer, the tax sale certificate, the resale tax deed if it so recites, or the return of the resale.

There is a controversy in this case as to whether, in fact, a sufficient return was shown to have been made, but for the purposes of this opinion we will take the view most favorable to plaintiff and assume that no return at all was filed. Nevertheless, if there appears some other record creating a presumption that the land in question was sold to the county at original sale, the failure to file the return, of itself, will not vitiate the resale. There appears in the record an instrument entitled "Record of Delinquent Tax Sales No. 4, Atoka County." Although it contains a description of the land and the amount for which it was sold, it does not contain the name of the purchaser. However, the resale deed, admitted in evidence, recites: "The County Treasurer of Atoka County, State of Oklahoma, sold the hereinafter described tract, parcel or lot of land heretofore on the 6th day of November, 1933, to said County for non-payment of delinquent taxes assessed thereon. * * *" Section 12760, O. S. 1931, 68 Okla. St. Ann. § 452, provides that the deed shall be presumptive evidence of six named facts, one of which is: "That the property was sold for taxes, as stated in the deed, and was duly advertised before being sold. * * *" Thus, there is a presumption that the land was sold at original sale to the county, as it is so stated in the deed, and the burden was on plaintiff to rebut this presumption.

The plaintiff does not contend that there was no original sale, or that the property in question was not sold. In fact, he established that by his own evidence. His only contention is that "no attempt whatever was made by the de-

fendant to establish the fact that plaintiff's land was sold to the county." He has overlooked the showing made by the resale deed, and has wholly failed to rebut the presumption thereby created.

Plaintiff attempts to distinguish the cases above cited on the ground that in those cases a return was filed, but was defective only in that a copy of the notice of sale with a certificate of the advertisement was not attached, whereas here no return at all was filed. But the facts as recited in the opinion cited do not bear out this distinction, and the language there employed clearly refers to the total failure to file a return.

Judgment affirmed.

BAYLESS, C. J., and GIBSON, DAVISON, and DANNER, JJ., concur.