EVANS v. TERRILL.

No. 30039.    Sept. 23, 1941.

Rehearing Denied Oct. 28, 1941.

*118 P. 2d 250.*

Bailey E. Bell and J. A. Rowles, both of Tulsa, for plaintiff in error.

Robert W. Terrill, of Tulsa, and Frank Ertell, of Claremore, for defendant in error.

CORN, V. C. J. This is an action to quiet title and to recover damages to property. The plaintiff in error, plaintiff below, after deraigning her title, simply alleged that the defendant claims some right, title, or interest in and to the property adverse to the plaintiff

which constitutes a cloud on the title of the plaintiff, and further alleged certain injuries to the property by the defendant, and prayed damages therefor.

Defendant filed his answer and cross-petition containing a general denial and alleging ownership of and title to the property by and through a county deed executed and issued to him by the board of county commissioners of Tulsa county, and attached a copy of the deed as a part of his answer and cross-petition. In the cross-petition it is alleged that the defendant is the owner of the land described in plaintiff's petition by virtue of said deed, and that the plaintiff's claim thereto is without right, and that the title to the land should be quieted in the defendant and against the plaintiff, and judgment is prayed accordingly.

The plaintiff in her reply made general denial of defendant's answer, and further denied categorically all the recitals in the commissioners' deed, and alleged that it was void, and answering the cross-petition, denied that the same was sufficient to entitle defendant to any relief.

Upon trial of the issues the court found for the defendant and against the plaintiff and rendered judgment quieting title in the defendant.

Plaintiff's first assignment of error pertains to the exclusion of evidence relating to her claim of damages to the freehold, which claim is dependent upon her title to the property and can be considered only if her claim of title prevails. McLain v. Schuessler, 186 Okla. 365, 98 P. 2d 1100.

The second assignment of error is that the court erred in permitting the defendant, over the objection of the plaintiff, to introduce evidence on his cross-petition for the alleged reason that the cross-petition was insufficient to entitle defendant to any relief.

The plaintiff contends that it was necessary for the defendant to plead and prove the chain of title upon which he relied before he can recover on his cross-petition in this case. It is contended that, although the defendant introduced his deed in evidence, he offered no proof to establish the right of the county commissioners to the title of the property, and offered no proof to establish his right to possession of the property.

In this connection it must be remembered that the defendant's title is independent of all other claims of title, and that it is incumbent upon the person attacking the validity of a tax deed to go forward with proof showing its invalidity. Banchor v. Bass, 186 Okla. 22, 95 P. 2d 895.

The plaintiff offered no evidence whatever as to any irregularity in any of the tax proceedings upon which the deed was issued, nor pointed out any irregularity on the face of the deed.

The plaintiff further contends that the cross-petition is insufficient in that the defendant did not specifically allege therein that he was in possession of the property. It is true that the cross-petition is brief and does not contain all the recitals contained in the answer by specific reference or adoption, but the rule contended for by the plaintiff, that a cross-petition must be pleaded as fully and distinctly and with the same substantial requisites as the original cause of action, does not apply here, nor was the rule so applied in the case of Gross v. Hutchins, 180 Okla. 486, 71 P. 2d 733, cited and relied upon by the plaintiff. In that case the defendant's title was quieted upon the issues joined by the answer, even though the plaintiff had dismissed her action; and the cross-petition was held insufficient only as to the defendant's claim for damages. This contention also ignores the rulings of this court in Gafford v. Davis, 58 Okla. 303, 159 P. 490, and Davenport v. Wolf, 59 Okla. 92, 158 P. 382, wherein the rule was applied conversely, where the plaintiff failed to allege or prove possession, but where the defendant filed an answer and cross-petition asking that his own title be established and quieted, and it was held that the court was thereby given jurisdiction of the entire controversy.

The contention that the deed executed by the county commissioners is champertous must be dismissed as being without merit. This court held adversely to such contention in the case of Webb v. Ketcham, 157 Okla. 294, 12 P. 2d 191.

The judgment of the trial court is affirmed.

WELCH, C. J., and OSBORN, GIBSON, and DAVISON, JJ., concur.