TODD et al. v. HARGROVE et al.

No. 32346. Jan. 21, 1947.

*176 P. 2d 805.*

A. L. Commons, of Miami, for plaintiff in error Ethel Todd.

Frank Nesbitt and Nelle Nesbitt, both of Miami, for defendants in error.

DAVISON, V.C.J. This action was commenced in the district court of Ottawa county by plaintiffs, W. M. Hargrove and Verna C. Hargrove, against the defendant Ethel Todd and others for the possession of, and to quiet title in, plaintiffs to certain improved lots in Miami, Okla. Plaintiffs base their title and right to possession of the premises by reason of a resale tax deed issued to them, as grantees, by the county treasurer of Ottawa county. The defendant Ethel Todd was the former owner of the premises. The question to be determined was the validity of the resale tax deed. The trial court rendered judgment in favor of plaintiffs, sustaining the validity of the deed, and the defendant Ethel Todd, alone, brings this appeal. We will continue to refer to the parties by their trial court designations.

The sole and only witness to testify in the case was the plaintiff W. M. Hargrove, who testified that plaintiffs were claiming title and right of possession to the premises by virtue of the resale tax deed, which was properly introduced as a part of plaintiffs' evidence. The defendant demurred to plaintiffs' evidence. The demurrer was overruled. The defendant excepted to such ruling and the case was closed without any evidence being offered by defendant.

The defendant's specifications of error and contentions may be classified as follows:

(1) The court erred in sustaining the resale tax deed because the county treasurer should have assigned the certificate of purchase to plaintiffs instead of advertising and selling the property at tax resale.

(2) The court erred in sustaining the resale tax deed because plaintiffs failed to affirmatively prove that the delinquent taxes for which the property sold to the county had remained unredeemed for a period of two years from date of sale and no person had offered to purchase same for the taxes, penalty and costs due thereon.

(3) Error of the court in admitting in evidence plaintiffs' exhibit of an O. P. A. order fixing the ceiling rent for the property involved.

We will discuss the first two assignments of error together because both points are controlled by the same statutes. In this connection we have examined the tax deed in question and find it to be in the identical form prescribed by statute. 68 O.S. 1941 §432g. The following section of the statute, section 432h, provides that the deed shall be prima facie evidence of its validity as to the matters complained of in the present case. This section further provides:

"To defeat the deed it must be clearly plead and clearly proven that one or more of the essential prerequisites to the vesting of authority in said county treasurer to execute such deed was wholly omitted and not done; . . ."

The tax deed involved herein was valid on its face and it was incumbent upon the defendant to offer proof showing its invalidity. Evans v. Terrill, 189 Okla. 577, 118 P. 2d 250; Banchor v. Bass, 186 Okla. 22, 95 P. 2d 895.

The presumption of the validity of the deed under the facts of the present case not having been rebutted, it stands that the trial court was correct in its judgment on this phase of the case.

The third assignment of error involves the question of admissibility of evidence. The defendant, in her cross-petition, asked for damages by reason of the plaintiffs having collected certain rents from the tenant occupying the premises herein involved. The plaintiff W. M. Hargrove testified he rented the house as unfurnished, with the rent ceiling fixed by order of the Office of Price Administration, and over defendant's objection he introduced in evidence the O.P.A. order. This evidence was for the purpose of fixing the rental value of the property in the event the deed was held to be invalid. Under the pleadings and issues in the case, this evidence was admissible.

Judgment affirmed.

HURST, C.J., and OSBORN, BAYLESS, WELCH, CORN, and GIBSON, JJ., concur.