HAMMER et al. v. BALDWIN et al.

No. 33878.   Dec. 19, 1950.

*225 P. 2d 801.*

Bond & Bond, of Duncan, for plaintiffs in error.

L. A. Winans and Wm. O. Leach, both of Duncan, for defendant in error Joe C. Taylor.

H. Grady Ross, of Tulsa, and L. A. Winans and Wm. O. Leach, both of Duncan, for defendant in error Ohio Oil Company.

· O. J. Roberts, of Oklahoma City, for defendant in error C. W. Baldwin.

HALLEY, J. O. H. Hammer and C. C. Hammer were the record owners of land in Stephens county, Oklahoma. C. W. Baldwin purchased tax certificates, and in 1944 was issued certificate tax deed on service of notice by publication and affidavit in lieu of mailing copy of notice to record owners. Shortly after securing the tax deed, C. W. Baldwin filed suit to quiet title and obtained judgment based upon service by publication and affidavit in lieu of mailing copy of notice and petition. Within three years from date of judgment, O. H. and C. C. Hammer secured an order setting the judgment aside and were let in to defend. C. W. Baldwin had conveyed the land, less 7/16ths of the minerals, to Joe C. Taylor. The Ohio Oil Company had obtained oil and gas leases covering the land, and was made a party defendant, along with Joe C. Taylor. Cross-petitions were filed by Joe C. Taylor and the Ohio Oil Company to quiet title to their respective interests, and setting up that they were innocent purchasers. The Hammers prayed that title be quieted in them as against all other parties, and C. W. Baldwin prayed that title be quieted in her as to 7/16ths of the minerals. The court sustained demurrers to evidence of O. H. and C. C. Hammer and rendered judgment quieting title in the other parties as to the interest claimed by each.

O. H. and C. C. Hammer submit their assignments of error under the single proposition that the judgment is against the clear weight of the evidence and is contrary to law. They claim that the certificate tax deed issued to C. W. Baldwin is void because of certain irregularities in the proceedings on which the deed is based, and especially that notice of intention to apply for tax deed was served by publication and an affidavit filed in lieu of mailing copy of notice. It is also contended that the party in possession of the land was not properly served, and that the tax certificates were not properly described in the notice nor properly filed in the office of the county clerk with the return of the sheriff.

Section 451, 68 O.S. 1941, provides that before the holder of a tax certificate shall be entitled to a deed, he shall cause written notice of his intention to apply for a deed to be served upon the owner of the land, if he is within the state, and also upon the person in possession of the land, if occupied. If it appears from the return of notice that the owner cannot be found in the county where the land is located and that the owner is a nonresident of the state, or that the residence or place of business of such owner is not known and cannot be ascertained by any means within the control of the tax certificate holder, and that he cannot by the exercise of reasonable diligence make service upon the owner within the state, then service may be had by publication. All service and return shall be made in the same manner as that of summons in courts of record. The manner of service of summons is set out in sections 170-174, 12 O.S. 1941.

We shall first consider the irregularities in the proceedings upon which the certificate tax deed is based. The party in possession of the land was Joe C. Taylor. A copy of the notice attempted to be served upon him contained erroneous numbers of the tax certificates held by C. W. Baldwin. However, the published notice contained the correct numbers of the certificates, and the evidence shows that Joe C. Taylor was not misled by the erroneous numbers, but recognized the land described in the notice. The evidence further shows that he knew nothing of the whereabouts of O. H. and C. C. Hammer at the time, but had he known, could have

notified them that C. W. Baldwin was applying for a certificate tax deed.

It is complained that the return of the sheriff serving the notice on Joe C. Taylor showed that it was served by leaving a copy thereof with Cleo Taylor, the wife of Joe C. Taylor. The return failed to state that she was a member of the family over fifteen years of age, and was then at the usual place of residence of Joe C. Taylor, as provided by section 159, 12 O.S. 1941. We may not be justified in assuming that Mrs. Taylor was over fifteen years of age, but Taylor's testimony shows that he actually received the copy of the notice so served, recognized the land described in the notice, and appeared at the Stephens county courthouse the day the tax deed was to be applied for. Since Joe C. Taylor is shown to have received the notice and was not misled by the erroneous certificate numbers in the copy of the notice served, we find no error in disregarding the irregularities in the service of notice upon the party in possession of the land and the incomplete return of the officer making service.

We find no merit in the contention that C. W. Baldwin failed to file the notice to apply for a tax deed and tax sale certificate in the office of the county clerk. There was uncontradicted testimony that these instruments were left with the county clerk in his office after the certificate numbers on the original notice had been corrected. It appears that when the certificates and notice were produced at the trial they did not bear the filing mark or stamp of the clerk. It has often been held that delivery of an instrument at his office to an officer whose duty it is to receive it for filing is equivalent to filing, regardless of the failure of such officer to mark it as filed. Covington v. Fisher, 22 Okla. 207, 97 P. 615; Twyford v. Stephens, 183 Okla. 534, 83 P. 2d 578. When the notice and tax certificate were deposited with the county clerk in his office, section 451, Title 68, O.S. 1941, was fully complied with.

In Smith v. Head et al., 192 Okla. 216, 134 P. 2d 973, it is said that where service of notice of application for a tax deed is sought to be made by publication and no copy of application for deed and publication notice is mailed to the owner, and no affidavit in lieu of mailing is made, such failure renders the deed invalid, as held in Claussen v. Amberg, 172 Okla. 197, 44 P. 2d 93. However, in the body of that opinion, the court said:

"There is a clear distinction between the action of a county treasurer, a ministerial officer, in issuing a tax deed without complying with the statutes, and a judgment of the court without the filing of such an affidavit. Vinson v. Oklahoma City, 179 Okla. 590, 66 P. 2d 933. In case of a judgment where the journal entry recites that affidavit and proof of publication has been examined and approved by the court, there is in effect an adjudication that there has been compliance with the statute and the judgment is valid unless the judgment roll affirmatively negatives the effect of the recital. Pettis v. Johnston, 78 Okla. 277, 190 P. 681; Yahola Oil Co. v. Causey, 181 Okla. 129, 72 P. 2d 817."

In the original judgment obtained by C. W. Baldwin in November, 1944, the court expressly found that the service by publication "is in all things complete and is hereby approved and declared valid." At the time Joe C. Taylor and the Ohio Oil Company obtained their interest in the land involved, this judgment was in full force and effect, and under the ruling above announced these parties had a right to rely upon the validity of that judgment. It was stipulated between the parties that the abstracts examined by these parties before they purchased be admitted in evidence but omitted from the case-made. It was further stipulated that they were complete and contained a transcript of the tax proceedings leading up to the issuance of the tax deed to C. W. Baldwin.

The tax deed to C. W. Baldwin is regular on its face. The notice of in-

tention to apply for tax deed is regular and justified service of notice by publication. The affidavit in lieu of mailing copy of notice was regular in form. This court has held that where one attacks a tax deed regular on its face, the burden of establishing such irregularities in the procurement of the deed as will render it void is upon the party attacking the deed. In Johnson v. Bloomer et al., 191 Okla. 368, 130 P. 2d 298, the rule is announced in the first syllabus as follows:

"By virtue of 68 O.S. 1941, secs. 452 and 453, when a person, whose land has been sold for taxes, attacks the deed the burden of proof is upon such person regardless of the fact the holder of title under the deed seeks affirmative relief under a cross-petition."

See, also, Colebrook Guaranty Savings Bank v. Lambert, 172 Okla. 80, 44 P. 2d 117.

The decisive question in the case before us is whether or not the judgment of the trial court in upholding the tax deed to C. W. Baldwin is against the clear weight of the evidence. The Hammers claim that C. W. Baldwin knew, or could have ascertained, their address in 1944, when notice of application for tax deed was served by publication and affidavit filed in lieu of mailing copy of notice to them. The only definite address of either of the Hammers appearing in the county records of Stephens county is a post office box number in Chicago, Illinois. Two witnesses testified that they had mailed letters to this address and that they had been returned unclaimed. One of the Hammers testified that he had advised C. W. Baldwin that he was going to Del Rio, Texas, where he could be reached by mail, and that he was there in 1944 when the tax deed was procured. C. W. Baldwin flatly denied this and testified definitely that she was advised only that Mr. Hammer was going to south Texas, and that he left no address whatever. We conclude that C. W. Baldwin used reasonable diligence in attempting to procure the ad-

dress of the Hammers and was unable to do so.

The judgment of the trial court is not against the clear weight of the evidence. It is true that the evidence is contradictory in many respects, but there is ample evidence to justify the findings and conclusion of the trial court. The judgment is therefore affirmed.