CHERRY v. CHAMBERS.

No. 34145.    July 3, 1951.

Rehearing Denied Sept. 11, 1951.

*235 P. 2d 674.*

H. F. Fulling, Tulsa, for plaintiff in error.

John S. Severson, Tulsa, for defendant in error.

DAVISON, J. This is an action wherein Laura Chambers, as plaintiff, seeks to recover possession of, and to quiet title to, a certain city lot in the city of Tulsa, Oklahoma, and to recover rental value thereof while in defendant's possession. There were several defendants, of whom only one, Jim Cherry, has appealed from the judgment of the trial court granting the relief sought by plaintiff. The parties will be referred to as they appeared in the trial court.

Plaintiff was the record owner and in possession of the lot in question when, in April, 1938, it was purportedly sold at tax resale and struck off in the name of the county of Tulsa, Oklahoma. The defendant went into possession on November 9, 1938, claiming title under a conveyance from the grantee of the county. The tax resale was void because the property was advertised and sold for an amount in excess of the delinquent taxes, penalties and costs.

In support of his contention that the judgment against him is erroneous, the defendant here argues two propositions: (1) that the plaintiff, as a condition precedent to having the tax deed canceled, should have been required to make good her tender of taxes, interest, penalties and costs, by paying the amount thereof to the clerk of the court for the use of defendant; (2) that the trial court applied an erroneous rule in determining the rental value of the property subsequent to the filing of suit.

On February 12, 1948, a hearing was had in the trial court on the question of the validity of the tax deed and, at that time, the court found that the deed was void. An order was entered continuing the same until plaintiff could ascertain the exact amount due the county treasurer and also the amount due defendant. On July 17, 1948, the court, by order, found that plaintiff had paid into court the sum of $461.95, the amount of taxes, penalties and costs due Tulsa county and had tendered into said court the sum of $41 as the total amount due defendant. On November 13, 1948, the trial court proceeded to hear the case as to the amount due plaintiff by defendant as rental. Judgment was rendered for plaintiff in the amount of $600, which judgment contained a finding that the above mentioned $461.95 had been paid into court for the benefit of Tulsa county and that the parties had stipulated that any amounts due defendant under the Occupying Claimant's Act had been settled. From that judgment and the order overruling motion for new trial, defendant has perfected this appeal. Some two months subsequent to the judgment, defendant filed a motion to require plaintiff to make good her tender as to the amount due defendant for taxes paid. This motion, which was overruled by the trial court, also contained numerous allegations dealing with damage to and interference with adjoining lands owned by defendant.

The record does not disclose that plaintiff failed to make good her tender, but if it did the motion by defendant came too late. In the case of Twyford v. Stephens, 183 Okla. 534, 83 P. 2d 578, it was held that:

"The failure of a former owner of land sold for taxes suing to quiet title as against one claiming title under the tax deed, to tender the taxes, interest, penalties and costs assessed against the land, as required by secs. 12761 and 12763, O. S. 1931, 68 Okla. St. Ann. §§453, 455, is not raised by motion for judgment on the pleadings that does not specifically call attention to the failure to make tender. Unless such failure to make tender is specifically raised in the trial court, it will be deemed waived. However, payment of such sums will be required as a prerequisite to the entry of judgment canceling the tax deed by reason of the provisions of sec. 12668, O.S. 1931, 68 Okla. St. Ann. §360, when the question is called to the attention of the trial court prior to the entry of judgment."

To the same effect and following the reasoning in that case is the case of McGrath v. Eichoff, 187 Okla. 64, 100 P. 2d 880.

There is another significant fact in the case at bar in that plaintiff, months before judgment, tendered into court $41 as the amount due defendant and at no place does defendant dispute the correctness of that amount. Subsequently, judgment was rendered for plaintiff and against defendant for $600 rents. The record does not disclose that the tendered amount was not taken into consideration in fixing the amount of plaintiff's judgment. Nor does it appear that said amount was not settled along with all other claims of defendant under the Occupying Claimant's Acts.

Plaintiff in error has failed to point out in what particulars the measure of rental value, used by the trial court in determining defendant's liability, was erroneous. It is argued that no judgment for rental value should have been rendered. Such an argument is contrary to the reasoning and conclusion reached in the case of Wilcox v. Westerheide, 199 Okla. 312, 185 P. 2d 452, wherein it was held:

"The holder of a void tax deed who takes possession of the property covered by such deed is not rightfully in possession of such property, and upon the cancellation of his tax deed and recovery of possession by the rightful owner, he is liable to the rightful owner for the reasonable rental value of the premises during such time as he was in possession, under the provisions of 23 O.S. 1941 §62, together with interest at the legal rate thereon."

The judgment of the trial court in the case at bar is in conformity with the established rules of law in this jurisdiction and should be affirmed.

Judgment affirmed.

LUTTRELL, V. C. J., and WELCH, CORN, GIBSON, JOHNSON, and O'-NEAL, JJ., concur.