MILROY v. McFERRAN.

No. 35774.

Supreme Court of Oklahoma.

March 9, 1954.

Rehearing Denied May 11, 1954.

suance to himself of a certificate of assignment covering four of the tracts involved, and a tax deed was issued to him on July 7, 1950. He thereafter obtained a certificate of assignment covering the fifth tract involved herein and a tax deed was issued to him on November 14, 1950.

On December 14, 1950, plaintiff filed a quiet title action in district court and obtained service by publication against one of the defendants, Richard Milroy, the original owner. On February 8, 1951, a default judgment was entered in favor of plaintiff. On October 11, 1951, pursuant to the terms of 12 O.S.1951 § 176, defendant Milroy had the judgment vacated and was let in to defend. He filed an answer setting up defenses to said tax deeds, and cross-petition in which he asked that his title be quieted, tendered the amount of taxes, etc., due, and asked for an accounting from plaintiff for the rental value of the lands and for monies allegedly received by plaintiff from the sale of an oil and gas lease on the lands. After trial on the issues thus joined, judgment was entered for plaintiff, and defendant Milroy has appealed.

Defendant on appeal argues that both tax deeds were void because they recite a sale in November of 1947 *for 1947 taxes*; that they were void for lack of service of notice of intention to apply for tax deed; that no predicate was laid for service of such notice by publication because no return of service by the sheriff was filed; that the affidavit for service by publication was insufficient in that it did not contain statements that the residence or place of business of the owner could not be ascertained by any means within the control of the holder of the certificate and that the holder could not by the exercise of reasonable diligence make service upon the owner within the state; that the published notice of intention to apply for tax deed was void because it did not specify the date of the sale; that no affidavit of mailing or in lieu of mailing was filed and the publication service was therefore void; that the proof of service by publication as to one of the tax deeds was not filed till after the issuance of such deed; that the

Banker, Bonds & Wilcoxen, Muskogee, Q. D. Gibbs, Okmulgee, for plaintiff in error.

Bob Perdue, Wilburton, Spradling & Moores, Tulsa, of counsel, John F. Hudson, Stigler, for defendant in error.

WILLIAMS, Justice.

Parties are referred to herein as in the trial court.

On November 3, 1947, the lands herein concerned were sold at delinquent tax sale to Haskell County. On February 27, 1950, plaintiff, Harmon McFerran, obtained is-

sales were invalid because of the inclusion of illegal and unauthorized charges for costs; that the certificate of assignment was void on its face because five separate tracts of land were listed on one assignment.

Although several of these contentions appear to have merit, we shall consider only those hereinafter mentioned, since our holding in connection therewith will dispose of this case.

With regard to the contention that the deeds were void for lack of service of notice of intention to apply for tax deed, 68 O.S.1951 § 451 provides in part that the holder of a certificate of purchase issued at a tax sale of real estate shall "cause a written notice signed by himself to be served upon the owner of the land if he is within the state, and also upon the person in possession of the said land (if the same be occupied), which notice shall recite the sale of the said lands, specifying the date of such sale and notifying such person that unless redemption is made from such sale within sixty days after the date of the service of such notice, a tax deed will be demanded and will issue as provided by law."

In the case at hand, the prior owner of the land (Milroy) lived outside the state, and no notice was served personally either upon him or upon any tenant in possession, nor was there an attempt to so serve either of them shown. Instead, the holder of the certificate of purchase attempted to obtain service of notice upon the owner by publication.

Plaintiff McFerran (the certificate holder) argues that the land concerned herein was unoccupied, and that after due and diligent inquiry he was justified in proceeding to obtain service of notice by publication. Defendant Milroy argues that there was no diligent inquiry; that the land was in fact occupied by, or in the possession of, his tenants, and that plaintiff therefore was not entitled to obtain service by publication.

On the question of whether or not due diligence was exercised, the evidence for defendant was that a local real estate agent had been in charge of the land for defendant for ten or twelve years; that in 1950 he rented it to two named tenants; that one of the tenants owned adjoining land on which he lived; that part of the land was in crops that year, and part was pasture; that it was fenced; that the agent himself owned land adjoining it.

Plaintiff's evidence on this question was that a few days *after July 7, 1950,* he went out to the land in question and looked it over; that he didn't find anyone in possession; that it was fenced, but part of the fences were down; that he didn't see any cattle or land in cultivation; that he did not walk over all the land; that he *did not make inquiry* of "anyone out there as to who, if anyone, was using the land". In this connection, it is to be noted that the first publication of notice of intention to apply for tax deed on four of the five parcels of land herein involved was on *May 5, 1950,* more than two months before the first time plaintiff ever saw the property.

It is to be noted also that plaintiff's affidavit for service by publication did not recite that the address or place of business of the owner "cannot be ascertained by any means within the control of such holder" or that "service cannot be had upon him within the state" as required by 68 O.S.1951 § 451. These omissions, whether fatal to the proceedings in and of themselves or not, take on added significance when considered in connection with the cursory (and, as to the first deed, belated) type of inquiry made by plaintiff herein, and they are noted here merely as circumstances tending to substantiate our conclusion that due diligence was not exercised. In this connection, see Davis v. Rowland, 206 Okl. 257, 242 P.2d 716, 719, wherein this court quoted with approval the following from Fenton v. Burleson, 33 Okl. 230, 124 P. 1087:

" 'The statement contained in the affidavit that "service cannot be had upon him within the state" is just the essential qualification lacking in the affidavit before us. This affidavit states that the said defendant is a nonresident of the state of Oklahoma, and is a resident of the state of Indiana, but it does not state nor is there any fact

averred from which it can be inferred that personal service upon him could not have been made within the state. * * *'"

In view of plaintiff's admission on the witness stand that he did not make inquiry of anyone as to who was using the land, and the other evidence with regard to diligence, or the want of it, as hereinabove noted, we hold that under the clear weight of the evidence herein, plaintiff did not exercise due diligence in seeking to ascertain the address of the owner of the land, or the name of the tenant.

By the terms of 68 O.S.1951 § 451, "All service and return shall be made in the same manner as that of summons in courts of record." Such being the case, the following is applicable with regard to service of notice by publication in the case at hand:

"Before a plaintiff may resort to service by publication on unknown owners of realty, or sue defendants by name, if living or if dead, their heirs, etc., *due diligence* must be exercised to ascertain whether defendants so sued are living or dead, and if dead, the names and whereabouts of their heirs. * * *" Ross v. Thompson, 174 Okl. 183, 50 P.2d 385. (Emphasis supplied.)

See also Richardson v. Howard, 51 Okl. 240, 151 P. 887, wherein the court said in part in syllabus one:

"(c) In all cases *it must be shown, and be true in fact,* that plaintiff, *with due diligence,* is unable to make service of summons upon the defendant within the state." (Emphasis supplied.)

The justice of this rule is apparent when it is considered that in the case at hand, the exercise of due diligence would almost certainly have led plaintiff to the tenant or the agent, either of whom could in all probability have furnished him with the full name and address of the owner of the land.

The situation before us, then, is as follows: plaintiff did not exercise due diligence in seeking to ascertain the name and whereabouts of the owner of the land; he of course made no showing of due diligence on the trial of this case; and he did not say in his affidavit for publication that such information "cannot be ascertained by any means within the control of such holder" or that "service cannot be had upon him within the state".

Since it is undenied that there was no actual service of notice upon either the owner or his tenant; since no showing was made upon trial of the use of due diligence; and since plaintiff did not say in his separate affidavits for publication that the whereabouts of the owner "cannot be ascertained by any means within the control of such holder" and that "service cannot be had upon him within the state", it follows that there has been no compliance with the requirements of 68 O.S.1951 § 451 and no notice of any kind given to or served upon the owner of the land; therefore, the tax deeds based upon the attempted compliance with the provisions of such statute are void. See Whitcomb v. Vaughan, 149 Okl. 81, 299 P. 216, 217, wherein the court said:

"Under the decision of this court in the case of Lind v. Stubblefield, 138 Okl. 280, 282 P. 365, a tax deed procured without notice to the record holder of title is fatally defective * * *."

The holder of a void certificate tax deed is not entitled to collect any rents or profits from the land and must account to the owner for any rents received by him, less the taxes, penalties, interest and costs justly chargeable against the land and paid by him for such deed, or afterwards upon the faith of it, with legal interest from the time of such payment. 23 O.S.1951 § 62; Wilcox v. Westerheide, 199 Okl. 312, 185 P.2d 452, 173 A.L.R. 1171, and Cherry v. Chambers, 205 Okl. 71, 235 P.2d 674.

The judgment of the trial court is reversed and remanded for further proceedings not inconsistent herewith.

JOHNSON, V. C. J., and CORN, O'NEAL and BLACKBIRD, JJ., concur.