Laura CHAMBERS, Plaintiff in Error,
v.
Jim CHERRY, Defendant in Error.

No. 34613.

Supreme Court of Oklahoma.

April 12, 1955.

Appeal from Court of Common Pleas of Tulsa County; H. E. Chambers, Judge.

Action by Jim Cherry against Laura Chambers in forcible entry and detainer in Justice of the Peace Court, on appeal to the Court of Common Pleas, from judgment there for plaintiff on trial de novo the defendant Chambers appeals. Reversed.

J. S. Severson, Tulsa, for plaintiff in error.

H. F. Fulling, Tulsa, for defendant in error.

PER CURIAM.

This action involves the same parties and the same real estate as was involved in Cherry v. Chambers, 205 Okl. 71, 235 P.2d 674, 675. Material facts are as follows: Chambers was the original owner of the premises, Cherry claimed title under a resale tax deed.

In the former action, Cherry v. Chambers, supra, the District Court held that the tax title of Cherry, defendant in the District Court action, was invalid, and that Chambers, plaintiff in the District Court action, was still the owner and entitled to possession of the real estate. Thereafter Chambers went into possession of the premises. In due time Cherry made supersedeas bond and appealed the former case to this court, which resulted in our decision affirming the trial court. In that appeal this court also held:

"The holder of a void tax deed who takes possession of the property covered by such deed is not rightfully in possession of such property, and upon the cancellation of his tax deed and recovery of possession by the rightful owner, he is liable to the rightful owner for the reasonable rental value of the premises during such time as he was in possession, under the provisions of 23 O.S.1941, sec. 62, together with interest at the legal rate thereon."

After taking the appeal in the former case, or after taking preliminary steps for such appeal, including the required notice and filing supersedeas bond, though before the filing of the appeal in this court, Cherry filed this action in forcible entry and detainer to recover possession of the premises from Chambers. In the Justice of the Peace Court, and also in the Common Pleas Court, Chambers urged lack of jurisdiction, and the absence of any right on the part of Cherry to litigate the right of possession in forcible entry and detainer, since the right of possession was one of the issues pending in the district court and in this court on appeal.

There is here no question of fact. The only question involved is one of law, to-wit,

with the issues having been determined in the district court adversely to Cherry, and being pending in the district court and/or in this court on appeal, Did the Justice of the Peace Court have jurisdiction and did Cherry have the right to maintain such forcible entry and detainer action for the possession of the property? We answer that question in the negative. See our former decision in Cressler v. Brown, 79 Okl. 170, 192 P. 417, and Hine v. Board of County Commissioners of McClain County, 188 Okl. 260, 108 P.2d 112, and cases cited therein.

From the record of this action in the Justice of the Peace Court, and in the Court of Common Pleas there is no showing as to the date when Chambers went into possession of the premises involved. It would seem from this record and from the decision in the former appeal, that Chambers originally had charge and control of the premises as the owner thereof, and that after obtaining tax deed Cherry had control and legal possession of the premises, and that after judgment in the District Court action Chambers regained control and possession. There appears to be no contention that Chambers went into possession before the district court judgment. It appears to be Cherry's contention that Chambers went into possession after filing and approval of supersedeas bond in the district court action, but we regard it as immaterial whether Chambers regained control and possession of the premises before or after the supersedeas bond was made. In either event, and whatever other remedies might have been available to Cherry, he had no right to resort to forcible entry and detainer with the issues as aforesaid pending in the district court and in this court on appeal.

The judgment appealed from is reversed, and the cause remanded with directions to render judgment for the defendant Chambers, with judgment for costs, including costs in this court.

JOHNSON, C. J., WILLIAMS, V. C. J., and WELCH, CORN, DAVISON, BLACKBIRD and JACKSON, JJ., concur.