**M. R. McCRORY and J. L. McCrory, Plaintiffs in Error,**

v.

**Winonah Mae HYDE and Mardeena Frances Maxwell, Defendants in Error.**

No. 37036.

Supreme Court of Oklahoma.

Feb. 28, 1956.

Goins & Smith, Ardmore, for plaintiffs in error.

Dyer & Dyer, Ardmore, for defendants in error.

CORN, Justice.

The pleadings, evidence and stipulation of the parties disclose the following matters relevant to consideration of the question presented by this appeal.

The property involved, a 5-acre tract of rough, unimproved farm land, was owned originally by J. M. Green. In 1939 the land was advertised for resale and sold to the county. March 14, 1940 Anna B. Stolfa submitted a bid therefor and the property was advertised for sale on April 12, 1940. Stolfa's bid was accepted and a county deed issued to her on that date. April 25, 1940 she conveyed by warranty deed to M. R. McCrory and R. F. McCrory, the husband. Stolfa had been employed by R. F. McCrory, who had furnished the money for purchase of the tax deed. March 20, 1943 the McCrorys conveyed the surface rights to Preston M. Creach and wife, grantors reserving the entire mineral interest.

J. M. Green died in 1941, leaving his wife, Mabel Green, as his sole heir and devisee; in 1947 she brought suit to cancel the tax deed and bar the rights of those holding thereunder. The named individuals were made parties defendant, but service was not obtained upon the Creaches. In 1948 judgment was rendered quieting Mabel Green's title as against all defendants except the Creaches, as to whom the action was continued. Thereafter Mabel Green died and under her will, probated in Oklahoma County, her entire estate was devised to her daughters, plaintiffs in the present action.

In July, 1953 Anna B. Stolfa, nee Shafer, advertised for a certificate tax deed covering this land. Pursuant to such application, and after publication notice, a deed was issued to her on July 29, 1953. She thereupon conveyed by quitclaim deed to R. F. McCrory, who then sold an oil and gas lease to Gardenhire.

September 7, 1953 plaintiffs filed suit to quiet title to the property. Among other grounds relied upon to establish invalidity of the tax deed under which defendants claimed title, plaintiffs plead same was void for the reason application therefor was not made and filed as required by law. Such asserted invalidity was predicated upon the fact the original tax certificate was not surrendered, canceled and filed in the office of the county clerk upon issuance of the tax deed.

Since we are of the opinion determination of a single question is decisive of this appeal, no necessity arises for an extended statement of the issues urged by the parties, or the evidence relative thereto. It is sufficient to note that the original tax certificate was not surrendered for cancelation and filing when the deed was issued. All other proceedings leading to execution of the deed were regular, except that the original tax certificate, which was produced from the files of defendants' attorney at the trial, showed nothing to indicate same had been surrendered, canceled or filed. The testimony of the county clerk established the certificate had not been tendered in her office, for otherwise it would have been regularly filed.

After hearing the evidence the trial court found the issues in plaintiffs' favor, required payment of taxes tendered, and entered judgment quieting their title, canceling the tax deed, and enjoining all persons claiming under the tax deed from asserting or claiming any interest in the property.

Plaintiffs' contention was, and is, that a strict compliance with applicable statutes is a prerequisite to issuance of a valid certificate tax deed, and that the failure to surrender the original tax certificate (upon issuance of the deed) constituted a fatal defect rendering the deed void. Defendants consistently have maintained the position this deed was issued in substantial compliance with controlling statutes, and so was not void but wholly sufficient to divest the record owner of title.

The controlling statutes (quoting only the applicable portions thereof) are 68 O.S. 1951 §§ 396 and 451. Section 396 provides:

"Certificate canceled when deed delivered.—When deeds are delivered for real property sold for taxes, the certificate therefor must be canceled and filed away by the county clerk; * * *."

Thereafter section 451, after detailing the steps to be taken by the tax certificate purchaser to secure a deed, provides:

"All service and returns shall be made in the same manner as that of summons in courts of record. The notice, with the tax sale certificate, after being duly served or published, or both, shall be returned and filed in the office of the county clerk, who shall make notation of its date and the date of service on the delinquent sale record, and the fee for such service and publication shall be the same as for like service of summons, and shall be added to the amount necessary to redeem such sales. The notice herein provided for may be served at any time after the date not exceeding sixty days prior to the expiration of two years subsequent to the day of sale."

It is to be noticed at once that section 396 requires that, upon delivery of deeds to real property sold for taxes, the certificate *must* be canceled and filed. The latter section then requires filing of the notice of the application, affidavits for publication service and non-mailing and proof of publication (where personal service cannot be made), all of which are to be returned and filed in the office of the county clerk. The language of the statute so clearly sets forth the necessary formalities for securing a certificate tax deed that it appears conclusive that each step is an integral requirement for execution of a valid tax deed.

In Adams v. Rogers, 158 Okl. 163, 13 P.2d 170, 171, the question involved was whether the statutory requirement (then appearing as Sec. 9749, C.O.S.1921) for return and filing of notice of application for tax deed and the tax sale certificate was jurisdictional. In determining such question the court said:

"* * *. This requirement of the statute is mandatory and not directory. * * *. The failure to comply with section 9749, supra, in the filing of the notice of a demand for a tax deed with a tax sale certificate in the office of the county clerk whose duty it was to make a record of the fee and the amount necessary to redeem such sale, is not a mere irregularity, but is an omission of an important and essential step in the issuance of a tax deed in divesting an owner of his title to the land."

Defendants cite Hammer v. Baldwin, 203 Okl. 680, 225 P.2d 801, as authority for the argument that failure to file the tax certificate with the county clerk did not serve to make the deed void. The decision in that case discloses that the holding was based upon an entirely different fact situation. The import of that decision in no way conflicts with the rule announced in the Adams case, supra.

Judgment affirmed.

JOHNSON, C. J., WILLIAMS, V. C. J., and WELCH, DAVISON, HALLEY, JACKSON and HUNT, JJ., concur.

BLACKBIRD, J., concurs in result.